STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

DEXTER MITCHELL

VERSUS

ARTCRETE, INC.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF RAPIDES, NO. 08-23589
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and David E. Chatelain*,
Judges.

**AFFIRMED.**

**George Arthur Flournoy**
**Flournoy & Doggett (APLC)**
**Post Office Box 1270**
**Alexandria, LA   71309-1270**
**(318) 487-9858**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Dexter Mitchell**

**F. Douglas Ortego**
**Juneau David, APLC**
**Post Office Drawer 51268**
**Lafayette, LA   70505-1268**
**(337) 269-0052**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Artcrete, Inc.**

---

\* Honorable David E. Chatelain participated in this decision by appointment of the Louisiana
Supreme Court as Judge Pro Tempore.

AMY, Judge.

The claimant appeals a judgment denying him an award of sanctions for the alleged untimely payment of a certain prescription bill. For the following reasons, we affirm.

**Factual and Procedural Background**

The claimant, Dexter Mitchell, was injured in the course and scope of his employment with the defendant, Artcrete, Inc. (Artcrete). The parties previously litigated a workers' compensation dispute involving the payment of certain indemnity benefits. *See Mitchell v. Artcrete, Inc.*, 09-492 (La.App. 3 Cir. 12/9/09), 24 So.3d 1000.

The claimant again brought suit, which is the subject of this appeal, against Artcrete seeking an award of sanctions under La.R.S. 23:1201(F) for an alleged untimely payment of certain medical expenses. Specifically at issue in this case is a $20.95[1] bill for a prednisone prescription incurred on June 10, 2008. The claimant alleged that he made demand for payment of this bill at the previous trial on September 25, 2008, but that payment was not made until January 12, 2009. Following a hearing, the workers' compensation judge denied the claimant's request for sanctions, finding that it did not become clear the balance of what Artcrete owed to the claimant until the workers' compensation judge executed judgment on December 12, 2008. Thus, the workers' compensation judge found that the January payment was timely. The claimant appeals, challenging whether sanctions for the alleged untimely bill should have been awarded. For the following reasons, we affirm.

---

[1] There is a discrepancy in the record of whether this bill is for $20.95 or $19.95. In his oral reasons for judgment, the workers' compensation judge noticed this discrepancy. For the purposes of this review, the disputed bill will be referred to in the amount of $20.95.

**Discussion**

Louisiana Revised Statutes 23:1201(F)[2] allows for the imposition of sanctions against an employer who fails to timely pay medical benefits. Under La.R.S. 23:1201(E), medical benefits "shall be paid within sixty days after the employer or insurer receives written notice thereof."

Here, neither party disputes that the prescription bill at question was paid by

_____

[2] Louisiana Revised Statutes 23:1201(F) provides:

F. Failure to provide payment in accordance with this Section or failure to consent to the employee's request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars. An award of penalties and attorney fees at any hearing on the merits shall be res judicata as to any and all claims for which penalties may be imposed under this Section which precedes the date of the hearing. Penalties shall be assessed in the following manner:

(1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault. No workers' compensation insurance policy shall provide that these sums shall be paid by the insurer if the workers' compensation judge determines that the penalty and attorney fees are to be paid by the employer rather than the insurer.

(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.

(3) Except as provided in Paragraph (4) of this Subsection, any additional compensation paid by the employer or insurer pursuant to this Section shall be paid directly to the employee.

(4) In the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in this Section and reasonable attorney fees based upon actual hours worked may be awarded and paid directly to the health care provider. This Subsection shall not be construed to provide for recovery of more than one penalty or attorney fee.

(5) No amount paid as a penalty or attorney fee under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance.

2

the defendant on January 12, 2009. The claimant alleges that because he demanded payment of this bill at the initial trial on this matter, September 25, 2008, that the January payment, in excess of sixty days of that date, was untimely, and thus, penalties should have been awarded.

In *Authement v. Shappert Engineering*, 02-1631, pp. 11-12 (La. 2/25/03), 840 So.2d 1181, 1188-89, the supreme court stated:

> The purpose of imposition of penalties and attorney fees is to discourage indifference and undesirable conduct by employers and insurers. The crucial inquiry in determining whether to impose penalties and attorney fees on an employer is whether the employer had an articulable and objective reason to deny benefits at the time it took action. *Id.* [*Williams v. Rush Masonry, Inc.*, 98-2271 (La.6/29/99), 737 So.2d 41.]
>
> The determination of whether an employer or insurer should be cast with penalties and attorney fees in a workers' compensation action is essentially a question of fact. Factual findings are subject to the manifest error or clearly wrong standard of review. *Banks v. Industrial Roofing & Sheet Metal Works, Inc.*, 96-2840 (La.7/1/97), 696 So.2d 551, 556.

In his oral reasons for judgment, the workers' compensation judge stated, in pertinent part:

> I saved every note I made from Mr. Mitchell's previous trial, including every note I made as I went through the previous evidence at the other trial as well as the post-trial suggestions of counsel from both party, both parties. In my view, because the demands of the previous trial were made that all of the exhibits for medical expenses were untimely paid for each and every bill, perhaps with the exception of 6/10/08 because there was no evidence at the previous trial that there was ever any demand on the employer for that bill. It was just given to the Court as an exhibit at the trial, which was held September 25th, 2008. But the suggested findings of fact submitted on behalf of Mr. Mitchell subsequent to that trial and the work this Court did trying to ascertain from the payment log of medical expenses, as well as other logs of payments to Mr. Mitchell, what may be the outstanding sums due for any medical expense. It wasn't clear to this Court what sum of money was due, because if we consider P-10 alone as a demand, P-10 says total price - - total amount due is One Hundred and Thirteen Dollars and Nineteen Cents ($113.19) with a notation thereon from the

bookkeeper in Causey's Pharmacy, says, "No payments have been made on this account." And the Court, this Court's ruling in the previous matter, I found payments were made. I don't know if they were made to Mr. Mitchell. I found that they were, based on some circumstantial evidence in the payment log submitted by Mr. Mitchell.

It says "Penalty provisions are harsh and to be strictly construed." And given the great confusion over what sums of money may have been paid or not paid with respect to any prescription, I decline to award a penalty and attorney fee with respect to any underpayment or non-timely payment of the 6/10/08 service. This did not become clear, the balance of the claims made for untimely payments, until the Court issued its oral ruling and judgement [sic] was signed. The record reflects that it was paid within 60 days of the date the judgment was signed.

The record indicates that at the September 2008 trial the claimant alleged that Artcrete had a balance of $182.05 in unpaid prescription expenses and requested sanctions on that unpaid amount. The claimant, in brief, explains that at that trial, he also demanded payment of the $20.95 predisone prescription, but did not seek penalties because "I had just received the bill the day before trial, I recognized that there could be no claim for *23:1201(F)* sanctions, and did not so argue after the initial trial nor in the initial appeal, since defendant had not received written notice of this particular prescription (DOS - 6/10/08) until the day of trial, September 25, 2008." The record indicates that the December 2008 judgment found that the defendant was responsible for the claimant's pharmaceutical expenses.[3] Thus, the record supports the workers' compensation judge's determination that it was not clear until after judgment was executed in December 2008 that the defendant knew it was obligated to pay the pharmaceutical expenses. The parties do not dispute that the $20.95 bill

---

[3] We note that the record does not contain either the September 2008 trial transcript or the December 2008 judgment. However, as explained in *Mitchell*, 24 So.3d 1000, the workers' compensation judge found that Artcrete was responsible for the pharmaceutical expenses but had properly reimbursed the claimant the $182.05 in its payments of other benefits. However, a panel of this court found that the claimant had not been reimbursed for the pharmaceutical expenses and reversed that judgment, ordering Artcrete to pay the pharmaceutical expenses and assessing an $8,000.00 penalty for the failure to pay that amount.

was paid by the defendant in January 2009, within sixty days of the executed judgment.

As explained above, "[t]he crucial inquiry in determining whether to impose penalties and attorney fees on an employer is whether the employer had an articulable and objective reason to deny benefits at the time it took action." *Authement*, 840 So.2d at 1188. As reflected in his oral reasons for judgment, the workers' compensation judge found that there was great confusion following the initial trial as to what Artcrete owed to the claimant. The workers' compensation judge found that it did not become clear to Artcrete that it was obligated to pay for this prescription until judgment was executed. As explained above, the record supports the workers' compensation judge's finding in this regard, thus we cannot say it was error for the workers' compensation judge to decline to award penalties.

**DECREE**

For the foregoing reasons, the judgment is affirmed. All costs are assessed against the appellant, Dexter Mitchell.

**AFFIRMED.**

5