STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

10-1525

GINGER L.  STEWART

VERSUS

KEITH STEWART

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO.  226,575, DIV. A
HONORABLE DONALD T.  JOHNSON, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Oswald A. Decuir, James T. Genovese, and Shannon J. Gremillion, Judges.

AFFIRMED.

Lauren Gay Coleman
910 Foisy Avenue
Alexandria, Louisiana  71301
(318) 449-9857
COUNSEL FOR DEFENDANT/APPELLANT:
    Keith Stewart

Brian K.  Thompson
2915 Jackson Street
Alexandria, Louisiana 71301
(318) 473-0052
COUNSEL FOR PLAINTIFF/APPELLEE:
    Ginger L.  Stewart

**GENOVESE, Judge.**

Keith Stewart appeals the trial court's judgment granting Ginger L. Stewart's Motion to Enforce Settlement/Compromise and ordering him to pay her $4,000.00. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

Keith and Ginger Stewart were married on February 14, 2003, and divorced on August 13, 2007. A judgment partitioning their community property was signed on August 26, 2009, wherein the trial court ordered "that [Keith] shall pay directly to [Ginger] $20,000.00 as a cash equalization payment in exchange for release of reimbursement[.]" An Amended Judgment on Community Property was signed on September 28, 2009, in which it was again ordered that Ginger "shall receive $20,000.00 from the Thrift Savings Plan of [Keith] as a cash equalization payment in exchange for release of reimbursement[.]"

Ginger filed a Motion to Enforce Settlement/Compromise on March 11, 2010, alleging that she had received only $16,000.00 from Keith, not $20,000.00 as ordered. A hearing was held on May 10, 2010, after which the trial court signed a judgment ordering Keith to "remit $4,000.00 to [Ginger] . . . ."

Keith filed a Motion for New Trial on May 18, 2010, arguing that by the terms of the Amended Judgment on Community Property, Ginger would receive $20,000.00 from his Thrift Savings Plan. Keith asserted that he complied with the terms of the Amended Judgment on Community Property, because the sum of $20,000.00 was withdrawn from his Thrift Savings Plan on January 4, 2010; however, for reasons that were allegedly beyond his control, Ginger received a check in the amount of $16,000.00. A hearing on Keith's motion was held on July 26, 2010, after which the trial court issued Written Reasons for Judgment, dated July 30, 2010, denying Keith's

Motion for New Trial, stating in pertinent part that "Ginger . . . was expecting to receive $20,000.00[,] and she should have received $20,000.00." Keith filed a Motion and Order for Devolutive Appeal on October 1, 2010.

## ASSIGNMENT OF ERROR

In his sole assignment of error, Keith argues that "[t]he trial court erred in ruling that [he] owes Ginger . . . an additional $4,000.00 as an equalization payment pursuant to the community property partition judgment."

## LAW AND DISCUSSION

The disputed issue before us involves a factual determination made by the trial court; therefore, we review this matter under the manifest error—clearly wrong—standard. *Bhati v. Bhati*, 09-1030 (La.App. 3 Cir. 3/10/10), 32 So.3d 1107; *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

Keith does not dispute Ginger's assertion that she only received $16,000.00 and not $20,000.00. Instead, Keith argues the trial court incorrectly accepted Ginger's argument that "because [she] did not receive $20,000.00 from the administrator of the Thrift Saving[s] Plan, [he] had not complied with the agreement." Keith asserts it was not their agreement for Ginger to "receive" $20,000.00 from him. Instead, he contends: "The agreement was for [him] to pay to Ginger . . . an equalization payment of $20,000.00 from the major asset of community property; the Thrift Saving[s] Plan." Keith introduced into evidence his Thrift Savings Plan Participant Statement for the period January 1, 2010 through March 31, 2010, which indicates that $20,000.00 was deducted on January 4, 2010. Keith argues that "[t]he trial court went beyond the four corners of the agreement in this case in that it accepted Ginger['s] . . . assertion she did not expect to have to pay taxes on her

2

portion of the Thrift Saving[s] Plan."

Ginger counters, arguing that Keith violated the terms of the community property settlement because she received less than was agreed upon. Ginger asserts that she consented to Keith taking $20,000.00 from his Thrift Savings Plan "after he and his counsel conveyed to the [c]ourt and [her] that the account was similar to a savings account[,] and that there would be no necessity for a Qualified Domestic Relations Order or any related documentation to be submitted." It was because of "these statements and inducements" that Ginger agreed to receive $20,000.00 as a cash equalization payment in exchange for release of reimbursement. According to Ginger, the trial court did not err in finding that Keith violated the terms of the community property settlement.

Based upon the facts before this court, we find no manifest error in the trial court's ruling. The terms of the community property settlement were that Ginger would receive $20,000.00 from Keith. Instead, Ginger received only $16,000.00 from Keith's Thrift Savings Plan. The trial court was correct in granting Ginger's Motion to Enforce Settlement/Compromise and ordering Keith to pay the remaining $4,000.00 to Ginger pursuant to the terms of their community property settlement.

## DECREE

For the reasons stated above, the judgment of the trial court is affirmed. All costs of these proceedings are assessed against Defendant/Appellant, Keith Stewart.

**AFFIRMED.**

3