## GRASSER CONTRACTING CO. v. CITY OF NEW ORLEANS

(December 12, 1927. Opinion and Decree.)

McCloskey and Benedict, of New Orleans, attorneys for plaintiff, appellant.

M. Provosty, W. C. Jones, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. This is an appeal from a judgment maintaining an exception of no cause of action.

The petition alleges that plaintiff, a paving contractor, entered into an agreement with the City of New Orleans in 1914 to install sub-surface drainage, preparatory to paving Lowerline Street. That the work was done and accepted by the City and certificates issued against abutting property holders, one of whom, Mr. F. Rivers Richardson, refused to pay his proportion of the cost, on the ground that the proceedings leading up to the paving were radically null in that 52 per cent of the interested property holders had not signed the petition for the paving; that suit was filed against Richardson which resulted in his position being sustained by final decree of the Supreme Court (Grasser Paving & Contracting Co. vs. Richardson, 144 La. 933, 81 So. 429); that in the trial of the Richardson case it developed that there were not sufficient signatures to the petition for paving, and petitioner addressed a letter to the city the next day advising it of that fact, plaintiff having had no prior knowledge thereof. Judgment is asked against the City for the share charged against Richardson upon the ground that it warranted the payment of the work.

The court, in maintaining the exception, based its judgment upon the case of Moylan vs. City, 32 La. Ann. 673. The plaintiff insists that the Bruning case, Bruning vs. City, 122 La. 316, 47 So. 624, and not the Moylan case controls.

We quote the brief reasons given by our brother below in full:

"The defendant pleads that the petition does not state a cause of action. The paving in question was done under the authority of Section 42 of Act 159 of 1912, the charter of New Orleans, on the petition of property owners. Less than the legal proportion having joined in the petition, the Supreme Court held in the suit of the present plaintiff, the contractor, against F. Rivers Richardson, a property owner, for his proportion of the cost, that the contract was for that reason null.

"In the Bruning case, cited by the plaintiff, 122 La. 316, 47 So. 624, the city had the right to make the contract, but the contractor lost his claim against the property owner because of the failure of the city to give the property owner a notice which was necessary to fix his liability, and it was held that the contractor had his recourse against the city.

"Obviously this is a different case, for here the contract, being made without authority, was ab initio null, and the rule to be applied is that laid down in Moylan vs. City, 32 La. Ann. 673, and in many other cases, that one who deals with the municipal officers does so at his risk.

"The exception of no cause of action is maintained and the plaintiff's suit dismissed."

The appropriate provision of the City Charter, Act 20 of 1882, as amended by Act 142 of 1894, then read:

"The City Council of New Orleans may in its discretion provide for the paving of any street or portion thereof at the expense of the whole city, and may thereupon force, impose and collect of the front proprietors of lots fronting on said streets a special assessment," etc.

The decision in the Bruning case rested upon the proposition that since the city had the authority to contract for the paving it would be liable to the contractor whether

the front proprietors could be held liable or not, saying:

"The right and authority of the city 'to provide at its discretion for the paving of any street or portion thereof at the expense of the whole city' is one thing. The right, power and authority of the City to exact contribution from the front property holders to a certain extent is another thing."

The City Charter, Act 159 of 1912, under which the paving, for a proportion of the costs which plaintiff sues, was undertaken, contains the following (Sec. 42):

"Whenever the owner or owners of fifty-two (52) per cent or more of real property abutting on any unpaved or unbanquetted street in the City of New Orleans, or any portion thereof shall by petition, signed by petitioner, or petitioners, and addressed to the Commission Council of said City ask for the paving * * * the said Commission Council shall by ordinance order the roadway or roadways paving," etc.

It will be seen that in the Bruning case the City had full authority "in its discretion" to order the paving, whereas under the present city charter it is only when 52 per cent of the abutting owners petition for it that it can order the paving. It is apparent that the Bruning case is not apposite.

We agree with the judge, a quo, in his conclusion that this case is governed by the Moylan case and are of opinion that the exception of no cause of action was properly maintained.

The judgment appealed from is, for the reasons assigned, affirmed.

JONES, J., having been of counsel for defendant takes no part.