JjON REHEARING
ULYSSES GENE THIBODEAUX, Chief Judge.
Defendants in these consolidated cases applied for rehearing on the issue of notice. We deny these applications. Plaintiffs have filed applications for rehearing on the issues of attorney fees and penalties. They have requested rehearing en banc. We deny the request for en banc consideration but grant Plaintiffs’ rehearing applications.
We reverse our original decision to deny penalties and attorney fees and now affirm the awards of $1,500.00 in attorney fees and $2,000.00 in penalties in each of the consolidated cases. We additionally award $1,500.00 for work done on appeal to the prevailing Plaintiffs.
Louisiana Revised Statutes 23:1201(F)(4) states:
In the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in this Section and reasonable attorney fees based upon actual hours worked may be awarded and paid directly to the health care provider. This Subsection shall not be construed to provide recovery of more than one penalty or attorney fee.
La.R.S. 23:1201(F)(2) states that “[t]his Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.” The phrase “as provided in this Section” of La.R.S. 23:1201(F)(4) encompasses the “reasonably controverted” standard of La. R.S. 23:1201(F)(2) as it applies to an award of penalties. The award of reasonable attorney fees has no such restriction. That is, once a health care provider prevails on an underpayment claim, the award of attorney fees is discretionary and is not subject to the “reasonably controverted” limitation.
The determination by the Office of Workers’ Compensation that an employer or insurer should be cast -with penalties and attorney fees is a question of |afact subject to the manifest error or clearly wrong standard of review. Authement v. Shappert Eng’g, 02-1631 (La.2/25/03), 840 So.2d 1181. The workers’ compensation judge appropriately exercised his discretion and was not clearly wrong in awarding attorney fees pursuant to La.R.S. 23:1201(F)(4).
While Defendants may have a plausible argument on the impropriety of awarding penalties under La.R.S. 23:1201(F)(4) based on the validity of the PPO discount agreement, the argument is untenable with regard to the notice provisions of La.R.S. 40:2203.1. Gunderson v. F.A. Richard & Associates, Inc., 09-1498 (La.App. 3 Cir. 6/30/10), 44 So.3d 779, explained that La.R.S. 40:2203.1 was clear and unambiguous. When a statute refers to “all preferred provider organization agreements,” it means just that. Defendants in these consolidated cases were aware of these clear provisions and cannot escape their applicability with protestations of ambiguity.
For the foregoing reasons, we vacate our original opinion on the denial of penalties and attorney fees and reinstate the judgments of the Office of Workers’ Compensation. Additionally, we award attorney fees of $1,500.00 for work done on appeal in each of the consolidated cases.
AFFIRMED.
GREMILLION, J., concurs in part and dissents in part and assigns written reasons.