# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-418


**WAYMON DEREK JONES, ET UX.**


**VERSUS**


**BROOKSHIRE GROCERY COMPANY, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES, NO. 110,866
HONORABLE RICHARD ERIC STARLING, JR., CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, J. David Painter, and James T. Genovese, Judges.


**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**


**Genovese, J., concurs in the result.**

**David A. Hughes**
**Hughes & LaFleur**
**P. O. Box 1831**
**Alexandria, LA 71309-1831**
**(318) 443-4090**
**Counsel for Defendant/Appellee:**
**Brookshire Grocery Company**

**Gary Paul Koederitz**
**Koederitz Law Firm, LLC**
**4607 Bluebonnet Boulevard, Suite B**
**Baton Rouge, LA 70809**
**(225) 295-9494**
**Counsel for Plaintiff/Appellant:**
**Waymon Derek Jones**
**Veronica Jones**


**Travis Ron LeBleu**
**Maricle & Associate**
**8545 United Plaza Boulevard., Suite 350**
**Baton Rouge, LA 70809-0201**
**(225) 924-9585**
**Counsel for Defendant/Appellee:**
**Precise Food Ingredients, Inc.**


**Chase Tettleton**
**Babcock Partners, LLC**
**4000 S. Sherwood Forest, 5th Floor**
**Baton Rouge, LA 70816**
**(225) 344-0911**
**Counsel for Defendant/Appellee:**
**TexAmerican Food Marketing, Inc.**

**SAUNDERS, Judge.**

This is a negligence case where a consumer of a warehouse-style grocery chain ingested store-prepared chicken on which he found small metal flakes. Plaintiffs-Appellants, Waymon Jones and his wife Veronica Jones, filed suit against Defendants, Brookshire Grocery Company (hereinafter "Brookshire"), Texamerican Food Marketing, Inc., and Precise Ingredients, Inc., in Alexandria City Court (hereinafter "ACC"), asserting claims for personal injuries arising out of his consumption of the contaminated food.

The ACC found defendant Brookshire at fault and liable for damages for anxiety and medical expenses resulting from the incident. Further, the court dismissed all demands against Defendants, Texamerican Food Marketing, Inc. and Precise Ingredients, Inc. Plaintiff-Appellant appeals the award entered against Brookshire. Jones also appeals the ACC's failure to award loss of consortium damages to his wife. We affirm in part, reverse in part, and render.

**FACTS AND PROCEDURAL HISTORY**

Waymon Jones (hereinafter "Jones") and his co-worker visited Super 1 Foods, operated by Brookshire, in Alexandria while on their lunch break on February 6, 2008. There, the co-worker purchased lunch for the two, including fried chicken tenders. While eating the food back at work, Jones noticed what he thought were large flakes of black pepper on the chicken's breading. Upon closer inspection, he concluded that the specks were in fact small metal flakes, approximately the size of the head of a straight pin.

Jones notified the store's deli manager, who verified that small metal flakes were present on chicken in the same batch in which Jones's chicken was cooked.

Soon after the event, Jones claims to have experienced sore gums, abdominal pain, bloody stool, diarrhea, and fever. In response to the symptoms, Jones visited his family doctor, Dr. Chris Griffin, on February 18, 2008. There, Jones underwent a CT scan. On interpreting the results, Dr. Griffin diagnosed Jones with diverticulitis and prescribed medicine.

Jones visited a second doctor, a gastroenterologist, Dr. James Hobley, in Shreveport, starting in March 2008. After several visits, and upon clinical examinations and a colonoscopy, Dr. Hobley diagnosed Jones with predominant constipation irritable bowel syndrome (hereinafter "predominant constipation IBS"). Dr. Hobley did not find that Jones had diverticulitis, which was Dr. Griffin's diagnosis. Rather, Dr. Hobley found that Jones had diverticulosis. The difference between the two is that diverticulosis is the presence of small pockets on the wall of the colon; whereas diverticulitis is the infection of such pockets. No finding of diverticulitis was made, either through clinical, radiological, or endoscopic testing.

Dr. Hobley states that Jones's diverticulosis typically could not have developed in the interim time period, three months, between Jones's consumption of the metal shavings and his first visit with Dr. Hobley. Accordingly, Dr. Hobley concludes that Jones's diverticulosis was most likely a preexisting condition. He states that one can have diverticulosis for years without manifesting any symptoms. Further, Dr. Hobley states that constipation most likely caused Jones's diverticulosis, not consumption of metal shavings. The shavings, however, could aggravate the diverticulosis by causing infection or inflammation; Dr. Hobley was inconclusive on whether this happened here.

2

On the issue of causation, Dr. Hobley stated that consumption of the metal shavings could potentially have been an inciting event, but only due to lack of any other causal findings. When further pressed on the issue, Dr. Hobley responded that he was uncomfortable saying that the metal shavings were the most probable cause, because such a statement would give too much credence to their status as a potential or actual cause.

At trial, the court found that the evidence did not reveal any significant injuries which could be related to consumption of the small metal flakes. However, the court found that Jones had suffered anxiety related to the incident and awarded him $2,000.00. In addition, the court awarded medical expenses in the amount of $6,955.99. Jones now appeals, alleging two assignments of error.

**ASSIGNMENT OF ERRORS**

1. Whether the trial court erred in failing to apply the presumption of causation between the consumption of contaminated food by appellant, Waymon Jones, and his subsequent symptoms and treatment, as required by *Housley v. Cerise*, 579 So.2d 973 (La.1991).

2. Whether the trial court erred in failing to award damages to appellant, Veronica Jones, for loss of consortium.

**LAW AND ANALYSIS**

Assignment of Error Number One

Jones contends in his first assignment of error that the ACC erred in failing to apply the presumption of causation between consumption of contaminated food and his subsequent symptoms. We find no merit in this contention. Jones's assignment of error deals with a question of fact. Accordingly, the trial court's

judgment will be reviewed under a standard of manifest error. *Housley*, 579 So.2d at 980.

Jones argues that the trial court should have applied a presumption in his favor. The presumption, or the *Housley* rule, states that:

> [a] claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.

*Housley,* 579 So.2d at 980.

In the instant case, the trial court was not manifestly erroneous in finding that the *Housley* rule does not apply; inasmuch as it was reasonable for him to find that Jones failed to prove that the accident was a reasonably possible cause of the disabling condition. This issue turns on Dr. Hobley's conclusion that diverticulosis typically does not develop in only three months, the length of time between the incident and Jones's treatment. In other words, Jones's condition predated his consumption of the metal particles. The court found, according to the findings of Dr. Hobley, no causal connection between the underlying condition, diverticulosis, and the accident, consumption of the metal shavings. We do not find that this conclusion was manifestly erroneous.

When asked what occurs when a person consumes metal shavings, Dr. Hobley responded that typically nothing happens. Many times, he stated, the shavings, depending on their size and quantity, will simply pass through. The particles here were the size of the head of a straight pin. While the metal particles may or may not have caused certain symptoms of the condition to arise, the trial court did not err in finding that Jones failed to sufficiently prove causation.

4

Moreover, even if the standard were applied, the result would not be in Jones's favor. Again, the standard is that the accident must be a reasonably possible cause of the disabling condition. The ACC found Jones's evidence insufficient to meet this standard. Dr. Hobley's testimony, the primary medical evidence on which Jones relies, is too tenuous to establish consumption of metal shavings as a reasonably possible cause of the diverticulosis. Dr. Hobley testified that he was uncomfortable in attributing causation to the metal shavings. In illustration of his reluctance, he stated that consumption of the metal shavings "would be kind of looked at as a sentinel event, potentially." In addition, he called Jones's condition "insidious," or having a cause unknown to doctors. In conclusion, the metal shavings are a potentially possible cause; but Jones has not established that they are a reasonably possible cause. The trial court did not commit manifest error in finding that Dr. Hobley's testimony failed to prove enough to invoke the *Housley* presumption.

In conclusion, we find the record sufficient to support the trial court's finding that Jones failed to show enough causation. Thus, the trial court's decision to refrain from invoking the *Housley* presumption was not manifestly erroneous.

Assignment of Error Number Two

Jones also argues that the trial court erred by failing to award his wife, Veronica Jones (hereinafter "Veronica"), damages for loss of consortium. We find merit in this contention. Jones's assignment of error as to loss of consortium should not be overturned on appeal in the absence of manifest error. *Peoples v. Fred's Stores of Tennessee, Inc.*, 09-1270 (La.App. 3 Cir. 6/2/10), 38 So.3d 1209, *writ denied*, 10-1882 (La. 10/29/10), 48 So.3d 1090.

The elements of a claim for loss of consortium are the following:

> In order to prove a claim for loss of consortium, a plaintiff must prove three things: (1) the liability of the defendant, (2) his or her spouse's damages, and (3) his or her consequent loss of consortium damages. Loss of consortium is more than just a loss of general overall happiness, it also includes love and affection, society and companionship, sexual relations, the right of performance of material services, the right of support, aid, and assistance, and felicity.

*Bellard v. South Central Bell Telephone Co.*, 96-1426, p.21 (La.App. 3 Cir. 8/27/97), 702 So.2d 695, 707, *writ denied*, 97-2415 (La. 12/12/97), 704 So.2d 1202.

Here, the first two elements are satisfied by the fact that Brookshire has been held liable to Waymon for damages. An award to Veronica for loss of consortium reasonably flows from the award to Waymon Jones for anxiety suffered.

The third element for a claim of loss of consortium is satisfied by Veronica's uncontroverted testimony. It is clear that she suffered greatly during her husband's illness. During the first half of February 2008, when Waymon first experienced symptoms, Veronica was recovering from major surgery which she underwent on January 28, 2008. She testified that when Waymon fell ill, she not only had to care for him, but for herself and for their two minor children, who were twelve and seven at the time. In addition to the physical aspects of caring for him, Veronica and the children suffered through Waymon's emotional illness and medicinal side effects. She testified that she and the kids bore the brunt of Waymon's irritability, anger, screaming, yelling, and hatefulness. Today still, although it appears the worst is over, Veronica must take special precautions when she feeds her husband, as restrictions remain over his diet.

In conclusion, the parties have shown sufficient evidence to award damages to Veronica for loss of consortium. Brookshire was held liable to Waymon for damages, and Veronica's testimony shows her loss of consortium relating to her husband's illness. In fact, Brookshire failed to challenge her testimony; thus, the evidence is uncontroverted. We reverse the ACC's denial of Veronica's claim. Veronica is awarded $1,000.00 for loss of consortium from Brookshire.

**CONCLUSION**

Waymon Jones was unable to show that there was manifest error on part of the trial court in failing to invoke the *Housley* presumption. Therefore, we affirm that part of the underlying judgment. Jones was able to meet the standard for loss of consortium damages for his wife. Therefore, we award $1,000.00 in damages to Veronica Jones for loss of consortium. All court costs are assessed against the Defendant, Brookshire Grocery Company.

**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED**