# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-255


ANGELA LEONARDS

VERSUS

SUMMIT CLAIMS, ET AL.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF LAFAYETTE, NO. 07-05204
ADAM C. JOHNSON, WORKERS' COMPENSATION JUDGE

**********

## SHANNON J. GREMILLION
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter and Shannon J. Gremillion, Judges.

**AFFIRMED.**

Thibodeaux, Chief Judge, concurs and assigns written reasons.


**Michael B. Miller**
**Attorney at Law**
**P. O. Box 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Angela Leonards**

**Kristine D. Smiley**
**Matthew W. Tierney**
**Tierney and Smiley, LLC**
**3535 S. Sherwood Forest, Suite 233**
**Baton Rouge, LA 70816**
**(225) 298-0770**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
      **Carmichael's Cashway Pharmacy, Inc.**
      **Louisiana Retailers Mutual Insurance Co.**

**GREMILLION, Judge.**

In this workers' compensation dispute, Angela Leonards appeals the judgment rendered in favor of Carmichael's Cashway Pharmacy, her employer, and Louisiana Retailers Mutual Insurance Company, its insurer (collectively "Cashway"). The judgment modified her disability benefits from temporary total disability (TTD) to supplemental earnings benefits (SEB) and awarded Cashway a credit for other available employment at the rate of $7.50 per hour for forty hours per week. For the reasons that follow, we affirm.

## FACTS

The essential facts of the case are not disputed. Leonards was injured in 2006 in the course and scope of her employment with Cashway. She received TTD benefits thereafter.

Dr. Steven Staires, a pain medicine specialist, was Leonards' treating physician. In April 2011, Dr. Staires was contacted by Burt Ashman, a vocational rehabilitation counselor retained to provide services to Leonards. Ashman asked Dr. Staires to review the descriptions of three jobs to determine whether they met with Leonards' capabilities. Dr. Ashman approved two jobs with ergonomic modifications. The third, as customer service representative to Money Mart in Lafayette, Louisiana, was approved by Dr. Staires without modification. This position was considered full-time and paid $7.50 to $8.50 per hour, depending on the applicant's experience.

Leonards applied for employment with all three businesses but was hired by none. Cashway filed a motion to modify Leonards' benefits and to receive credit against those benefits for the amount she would have earned at Money Mart. The workers' compensation judge (WCJ) granted Cashway's motion and converted

Leonards' benefits from TTD to SEB. Cashway received credit for pay Leonards would have received had she been hired by Money Mart.

## ANALYSIS

Leonards does not appeal the conversion of her benefits from TTD to SEB; the sole issue here is whether the WCJ erred in giving Cashway credit for the Money Mart job's rate of pay.

Supplemental earning benefits are intended to compensate an employee for the diminution of her earning capacity. *Pinkins v. Cardinal Wholesale Supply Co.*, 619 So.2d 52 (La.1993). The difference between an employee's pre-accident average monthly wages and her proven post-injury earning capacity determines the amount of SEBs. La.R.S. 23:1221(3)(a). If an employee is not earning wages or engaged in self-employment, or is under-employed,

> the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sum the employee would have earned in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, which he was physically able to perform, and (1) which he was offered or tendered by the employer or any other employer, or (2) which is proven available to the employee in the employee's or employer's community or reasonable geographic region.

La.R.S. 23:1221(3)(c)(i). The question before the WCJ was whether the Money Mart job was proven available.

This question is not new to the courts. The Louisiana Supreme Court addressed the issue in *Banks v. Industrial Roofing & Sheet Metal Works, Inc.*, 96-2480 (La. 7/1/97), 696 So.2d 551. Before *Banks*, the courts of appeal were divided on the proof needed to establish an employee's earning capacity. In an effort to resolve the issue, the supreme court stated the following precepts:

1) Actual job placement is not required.

2) The employer must prove the existence of a suitable job that meets the employee's physical capabilities and is within the employee's or employer's community or reasonable geographic region.

3) A "suitable job" is a job that the employee is physically capable of performing, and that also falls within the limits of her age, experience, and education, unless the employer or potential employer is willing to provide additional necessary training or education.

4) The employer must prove the amount of wages the employee can expect to earn in that job.

5) The employer must prove that at the time it notified the employee of the position, an actual position was available.

Leonards attempts to distinguish *Banks* on the basis that the employee in that case was furnished with a list of several jobs but applied for none of them. We reject this distinction. If actual job placement is not an impediment to proving the employee's earning capacity, neither is proof that the employee actively pursued the job.

Leonards also argues that the Money Mart job was not actually available because she applied for the position and was not hired. The Louisiana Supreme Court recently rejected that assertion in *Clay v. Our Lady of Lourdes Regional Medical Center*, 11-1797 (La. 5/8/12), ___So.3d ___. In *Clay*, the employee was notified by the vocational rehabilitation counselor of three positions that were suitable under *Banks*. The employee applied for the jobs but was rejected. The WCJ found that the employer was entitled to terminate her benefits. We reversed, finding that the positions were not suitable, in part because she had applied for the jobs and was rejected, and finding error in the WCJ's calculation of her average weekly wage. *Clay v. Our Lady of Lourdes Reg. Med. Ctr.*, 09-1219 (La.App. 3 Cir. 6/2/10), 38 So.3d 1196. The supreme court remanded the case for reconsideration of our ruling on the average weekly wage issue. *Clay v. Our Lady of Lourdes Reg. Med. Ctr.*, 10-1579 (La. 4/8/11), 62 So.3d 749. We reversed our

3

previous finding on the calculation of the average weekly wage. *Clay v. Our Lady of Lourdes Reg. Med. Ctr.*, 09-1219 (La.App. 3 Cir. 7/13/11), 71 So.3d 539. The employer then sought writs on the issue of the employee's entitlement to SEBs. The supreme court found that there was no manifest error in the WCJ's finding that there were available, suitable jobs.

*Clay* makes it clear that rejection of the employee's application for an available job presents no impediment to proving an employee's earning capacity. Accordingly, the judgment of the workers' compensation judge awarding supplemental earnings benefits to Angela Leonards subject to a credit for $7.50 per hour for forty hours per week is affirmed. All costs of this appeal are taxed to plaintiff/appellant, Angela Leonards.

**AFFIRMED.**

ANGELA LEONARDS

VERSUS

SUMMIT CLAIMS, ET AL.


**THIBODEAUX, Chief Judge, concurring.**


I agree but am bothered by the harsh result of this case and its implications for Ms. Leonards and other similarly aggrieved claimants. Louisiana's mixed system of jurisprudence acknowledges the supremacy of legislation over jurisprudence. *Doerr v. Mobil Oil Corp.*, 00-947 (La. 12/19/00), 774 So.2d 119 (2000). Louisiana Revised Statutes 23:1221(3)(c)(i) specifically references employment that "is proven available to the employee . . . ." If a job is never offered to the employee after the employee has made a diligent effort and has done all that is required, that job, in my view, is not available to that employee. That interpretation comports with common sense and the practical realities of today's job market. The majority's interpretation is consistent with *Banks v. Industrial Roofing and Sheet Metal Works, Inc.*, 96-2480 (La. 1/1/97), 696 So.2d 551 and *Clay v. Our Lady of Lourdes Regional Medical Center*, 11-1797 (La. 5/8/12), __ So.3d __. *Banks* and *Clay* are too restrictive in their interpretation of "job availability." This restrictive interpretation is inconsistent with the salutary purposes underpinning our workers' compensation laws which should be liberally constructed. However, I am constrained to follow these cases until our Louisiana Supreme Court decides otherwise.

I observe that two cases do not form "a series of adjudicated cases," see *Doerr* at 129, such that *jurisprudence constante* applies. Because Louisiana

does not have a "long line of cases following the same reasoning," *Id*. at 128, our supreme court should reexamine the issue of "job availability" using our system of civilian methodology.

For the foregoing reasons, I concur.