PAINTER, J.,
dissenting.
hi respectfully disagree with the majority’s decision to completely reverse the trial court’s findings and once again uproot this child from his present environment. As noted by the majority: “The determination of the trial court in child custody matters is entitled to great weight, and its discretion will not be disturbed on review in the absence of a clear showing of abuse.” Gray v. Gray, 11-548, p. 20 (La.7/1/11), 65 So.3d 1247, 59. The parties have been fighting over custody of this child since his birth. I agree that this is an extremely contentious custody case and that the parties have an intense dislike for one another; however, at the core, the issue in this case is simply what custody arrangement serves the best interest of this child. Great deference must be given to the trial court which heard the eighteen days of testimony and had the best opportunity to evaluate the candor and credibility of all of the witnesses in determining the best interests of this six-year-old boy. This court cannot say that the trial court did not consider the twelve factors enumerated in La.C.C. art. 134 in its reasons for judgment even though it articulated reasons in only the two areas that it considered most important in determining custody in this case; that is the stability and adequacy of the child’s environment and the willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other parent. The law does not require “the mechanical evaluation of all the Article 134 1 ^factors.” Cathey v. Ogea, 12-563, p. 7 (La.App. 3 Cir. 8/22/12), 98 So.3d 953, 958, writ denied, 12-2099 (La.10/12/12), 98 So.3d 877 (citing Thibodeaux v. O’Quain, 09-1266 (La.App. 3 Cir. 3/24/10), 33 So.3d 1008). Rather, these factors “are not exclusive but are provided as a guide to the court, [and] must be weighed and balanced in view of the evidence presented.” Id. *1292 In this case, the child lived exclusively with his mother until the judgment at issue required that physical custody be transferred to his father. And, as established by expert testimony, this little boy has been in a state of stress because of his mother’s inability to facilitate a relationship between her son and his father and because of his mother’s family’s interference with the child’s -visitation with his father. For these reasons, I do not find an abuse of discretion and am of the opinion that the trial court’s judgment should be affirmed insofar as it awarded joint custody with David being the domiciliary parent. Visitation as set forth in the plan should also be affirmed, except for those provisions which required either that Jer-ianne relocate to Kingwood, Texas, or that her visitation be restricted to an area within one hundred miles of Kingwood. There is simply no reason for this deviation from the normal visitation plan with the exchange point being Jaspar, Texas.