AMY, J.,
concurring in part and dissenting in part.
hi agree with the majority that an affirmation of the award of general damages to Trentez Gilchrist is warranted. However, while I agree with the lead opinion that there is insufficient proof of causation to support the special damages award for Tyron Reed’s seizure-related medical expenses, I would reverse the award of seizure-related expenses in its entirety. In my opinion, the facts of this case do not support the award of any expenses associated with that condition, even those for the emergency room visit of April 21, 2012.
Certainly, although a defendant is responsible for overtreatment or unnecessary medical treatment incurred by a plaintiff in good faith, that treatment still must be related to the accident. See, e.g., Marshall v. Boydston, 09-1137 (La.App. 3 Cir. 3/17/10), 33 So.3d 438, writ denied, 10-881 (La.6/25/10), 38 So.3d 339. In Marshall, this court awarded damages for two diagnostic procedures undergone by the plaintiff, noting, in part, that “there was no sufficient contradictory evidence or reasonable suspicion that these bills were not related to the accident[.]” Id. at 446. After considering the record in this matter, I conclude |2that there is sufficient contradictory evidence to show that Mr. Reed’s emergency room visit on April 21, 2012, was not related to the accident. Most notable in my opinion is that the only medical opinion offered revealed a “less than 25 percent” chance that the accident caused the seizure.
Similarly, although a defendant is liable for a tort victim’s reasonable expenses incurred in seeking medical consultation or treatment in order to insure that the adverse effects of the occurrence will be minimized or prevented, my reading of the record does not support an application of that concept. See Motorola, Inc. v. Associated Indem. Corp., 02-716 (La.App. 1 Cir. 6/25/04), 878 So.2d 824, writs denied, 04-2314, 04-2323, 04-2326, 04-2327 (La.11/19/04), 888 So.2d 207, 211, 212 (citing Wainwright v. Fontenot, 00-492 (La.10/17/00), 774 So.2d 70 (Lemmon, J., subscribing opinion.)). With regard to the facts of this case, the records from the April 21, 2012 visit reveal that the fact of Mr. Reed’s motor vehicle accident was disclosed during the visit. However, I find nothing in those records that indicates that this initial seizure-related treatment was actually attributable to the accident or suspected of being related to the accident, unlike the factual scenarios in Marshall and Motorola. Rather, the medical records from the April 21, 2012 emergency room visit indicate a final impression of “seizure-like activity” and “polysubstance abuse.”
Accordingly, for the above reasons, I respectfully concur in part and dissent in part.