CONERY, J.,
concurs in the decision to reverse the jury’s zero verdict and concurs in part and dissents in part on the damages awarded and assigns reasons.
| ¶ Cognizant of the latest Louisiana Supreme Court ruling on the manifest error issue,[1] I am nevertheless constrained to concur in the decision to reverse the jury’s finding of no damages in this case. Defendants stipulated to liability. The automobile collision occurred on the passenger side where Ms. Guidry was sitting, and though relatively minor, the collision was sufficient to have caused some aggravation of Kimberly Guidry’s pre-existing knee and back problems. Ms. Guidry’s initial *445 injury was corroborated by objective, independent evidence, including the collision damage report, the ambulance records, the emergency room records, and Dr. Miller’s initial treatment report of May 18, 2012. I differ, however, as to some of the amounts the majority awarded to Ms. Guidry in its de novo review.
Defense counsel, in arguing for affirmation of the jury’s zero verdict, pointed out numerous reasons why Ms. Guidry’s complaints were contradicted by medical records and, at best, were exaggerated and not credible. I agree that many |2of her complaints changed, were exaggerated and not credible. As an example, Ms. Guidry listed her pain scale as a “ten” in the E.R. records, yet she had no objective findings. The jury may not have believed she was hurt at all, which may explain the zero verdict. If there was no independent objective evidence to support Ms. Guidry’s claim, I would agree that the jury’s zero verdict was tantamount to a finding of no credibility on the part of Ms. Guidry and would affirm. As we stated in affirming the jury’s zero verdict in Dore v. Mitsui Sumitomo Ins., USA, Inc., 12-875 (La. App. 3 Cir. 5/22/13), 117 So.3d 231, writ denied, 13-1953 (La.11/8/13), 125 So.3d 1094, “she said — we didn’t believe.”
However, it was uncontradicted that Ms. Guidry was struck on the passenger side of a vehicle and that the collision damages report indicated over $2,000.00 in property damages to the vehicle had occurred. Ms. Guidry was immediately taken by ambulance to the hospital following this documented automobile collision, and the E.R. doctors reported a diagnosis of lumbar strain and right knee sprain. X-rays of the low back and right knee were negative for swelling or any acute injury and showed only mild, early degenerative changes. Still there is at least some objective evidence to support Ms. Guidry’s claim that she was injured in the wreck.
Based on the uncontradicted objective evidence of the collision, transportation by ambulance, and E.R. findings, the jury was manifestly erroneous in finding no damages were due. I further note that after discharge from the E.R., it was recommended by the E.R. doctor that Ms. Gui-dry follow-up with her own physician. I would agree that her initial follow up visit with Dr. Miller on May 18, 2012, four days later, is further evidence that she was injured, even though that visit was arranged by her attorney.
U note the majority agreed that Ms. Guidry had serious credibility problems and that after review of the entire record taken as a whole, the majority concluded that the record would not support an award beyond a six month aggravation of Ms. Guidry’s pre-existing back and knee complaints. I suggest that is' an overly generous finding based on this record. I would limit Ms. Guidry’s general damages award and medical specials to the initial visit with Dr. Miller on May 18, 2012, four days after the accident, and his' first follow up visit on July 18, 2012. Though there were few, if any, objective findings made by Dr. Miller, I would also find that there is a reasonable factual basis in the record to conclude that Ms. Guidry continued to have some accident related symptoms up to July 18, 2012, her first follow up visit with Dr. Miller. I would find that any further medical complaints by Ms. Guidry and medical tests and treatment arranged by Ms. Guidry’s attorneys, as well as the costs of all medical expenses that were incurred following the July 18, 2012 visit with Dr. Miller would likewise not be com-pensable based on Ms. Guidry’s complete lack of credibility.
The record plainly established that at Ms. Guidry’s second visit with Dr. Miller *446 on July 18, 2012, it was noted that she reported several complaints not previously reported and that she was sensitive to even the slightest touch on examination. At this point, there is a reasonable factual basis in the record to support the jury’s finding that Ms. Guidry was not credible and the record as a whole would support the position that she is not entitled to any further award of damages beyond July 18, 2014. See Bailey v. Leblanc, 14-267 (La. App. 3 Cir. 11/12/14), 151 So.3d 1004, writ denied, 14-2594 (La.3/6/15), 162 So,3d 372.
We held in Marshall v. Boydston, 09-1137 (La.App. 3 Cir. 3/17/10), 33 So.3d 438, writ denied, 10-881 (La.6/25/10), 38 So.3d 339, that a victim was 1 ¿entitled to receive reasonable medical expenses in seeking medical consultation and treatment following an accident, assuming the consultation was made in good faith. See also Reed v. LaCombe, 15-120 (La.App. 3 Cir. 7/29/15), 172 So.3d 679. It should be noted that in Reed, Judge Amy filed a dissent on the issue of the award of a victim’s reasonable expenses in “seeking medical consultation or treatment in order to insure that the adverse effects of the occurrence will be minimized or prevented.” Id. at 687. Judge Amy found on record review in that case that nothing in the record indicated that the plaintiffs “seizure-related treatment was actually attributable to the accident or suspected of being related to the accident, unlike the factual situation in Marshall [v. Boydston, 09-1137 (La.App, 3 Cir. 3/17/10), 33 So.3d 438, writ denied, 10-881 (La.6/25/10), 38 So.3d 339.]” Id. at 687. The majority disagreed and awarded minimal damages for “seizure-related treatment” in Reed, finding that the treatment was sought in good faith.
Likewise, I agree that in this case that the ambulance transport, the E.R. visit and the initial visit and first follow up visit with Dr. Miller are compensable. But as we said in Dore, 117 So.3d at 237, and again in the concurring opinion in Bailey, 151 So.3d at 1015, “just because evidence of medical treatment was presented, it does not necessarily follow that the jury is required to conclude that the medical treatment was caused by the accident. Credibility calls are for the jury to decide.”
As in Bailey, I would find that there is a reasonable factual basis in the record in this case for the jury to conclude that Ms. Guidry’s continuing complaints of pain and her continued treatment therefor on and after July 18, 2012 were either exaggerated and not credible, or were unrelated to the collision. See Bailey, 151 So.3d 1004.
| J therefore disagree with the majority that we should -award all past medical expenses incurred. Defense counsel stipulated only to the authenticity of the medical expenses, not causation. I would award only the ambulance charges, E.R. charges, Dr. Miller’s initial and follow-up visit, and pharmacy bills for the first prescription. I agree with the majority’s decision to exclude future medical expenses.
I further disagree with the majority’s decision to award six months loss of wages totaling $9,574.50. I would limit the wage loss to July 18, 2014, the first follow up visit with Dr. Miller when Ms. Guidry’s “new” and somewhat contradictory complaints were noted. I agree with the majority’s decision to deny future wage loss and loss of earning capacity.
I would further limit the general damage award to a two month time period ending on July 18, '2014 when Ms. Guidry’s symptoms changed dramatically. See Dore, 117 So.3d 231; concurring opinion in Bailey, 151 So.3d 1004.
I would find that a reasonable sum for Ms. Guidry’s pain and suffering, considering all of her credibility problems, would be $6,000.00 for the aggravation of her pre-existing right knee and back complaints over the time period from the date *447 of the accident May 14, 2012 through July 18, 2012, when her “symptoms” and “complaints” were especially suspect.
CONCLUSION
In summary, I concur with th'é majority’s decision to reverse the jury’s zero verdict. ■ I would render judgment on de novo review as follows:
Past Medical Expenses [2] $ 4,322.65
Past Wage Loss[3] $ 4,374.04
Pain and Suffering $ 6,000.00
Total $14,696.69
I would render judgment in favor of Ms. Kimberly Guidry against defendants, Karl Credeur, Lafayette Health Ventures, Inci, and QBE Specialty Insurance Company, jointly, severally, and in solido in ' the amount of $14,696.69, plus legal interest from date of judicial demand. In its application for rehearing, Defendants brought to the court’s attention that an offer of judgment in the amount of $100,000.00 had been made at some point prior to the trial. Pursuant to La.Code Civ.P. art. 970, costs, exclusive of attorney fees, must be assessed to Ms. Kimberly Guidry. Louisiana Code of Civil Procedure Article 970 provides:
If the final judgment obtained by the plaintiff-offeree is at least twenty-five percent less than the amount of the offer of judgment made by the defendant-offeror or if the final judgment obtained against the defendant-offeree is at least twenty-five percent greater than the amount of the offer of judgment made by the plaintiff-offeror, the offeree must pay the offeror’s costs, exclusive of attorney fees, incurred after the offer was made, as fixed by the court.
I would, therefore, remand to the district court for the limited purpose of establishing the amount of the credit/offset owed pursuant to La.Code Civ.P. art. 970, and assess all costs of-this 'appeal to Ms. Kimberly Guidry. See Sher v. Lafayette Ins. Co., 07-2441 (La.4/8/08), 988 So.2d 186.

. Snider v. Louisiana Medical Mutual Insurance Company, 14-1964 (La.5/5/15), 169 So.3d 319.

, 05-14-12 — Acadian Ambulance $1,106.50
05-14-12 — ER Treatment Abbeville General Hospital $1,601.38
05-18-12 — 07-18-12—Dr. Ronald Miller $1,250.00
06-12-12 — Laborde Diagnostics $80.00
05-14-15 — 07-18-12—Cashway Pharmacy $284.77

. Annualized earnings of $26,244.22 x 2/12 months or 1/6 = '$4,374.04