STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-857


YVETTE PERRY

VERSUS

STATE OF LOUISIANA, DEPARTMENT OF CHILDREN AND FAMILY
SERVICES, ET AL.


**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 88,242, DIV. A
HONORABLE DESIREE D. DYESS, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Billy H. Ezell, Shannon J. Gremillion, and David E. Chatelain, Judges.[1]

AFFIRMED.

---

[1] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

Celia M. Williams-Alexander
Louisiana Department of Children and Family Services
Bureau of General Counsel
627 North Fourth Street, Fourth Floor
Baton Rouge, LA 70802
COUNSEL FOR DEFENDANT/APPELLEE:
    State of Louisiana, Department of Children and Family Services

Yvette Perry
In Proper Person
941 Lucille St.
Natchitoches, LA 71457
(318) 332-4450
    PRO SE

**GREMILLION, Judge.**

The plaintiff, Yvette Perry, appeals the trial court's judgment terminating her Supplemental Nutrition Assistance Program (SNAP) benefits.[2] For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Perry's SNAP benefits were terminated by the Louisiana Department of Children and Family Services (DCFS) for three months because she failed to reactivate her Helping Individuals Reach Employment (HIRE) account online. Following a hearing, the administrative law judge (ALJ) found that Perry failed to comply with DCFS's work registration requirements by June 15, 2015, and affirmed DCFS's closure of her SNAP case. Perry petitioned for judicial review in January 2016. Following a May 2016 hearing, the trial court affirmed the ALJ's decision. Perry now appeals.

## ASSIGMENTS OF ERROR

Perry argues the trial court:

1. erred as a matter of law in failing to apply the provisions of La.R.S. 49:964(G)(1) regarding DCFS failure to timely serve adverse notice in compliance to federal regulations,

2. erred as a matter of law because the untimely fair hearing was over ninety (90) days late and failed to conform to federal regulations.

3. erred in []failing to address issues of due process violations and

4. erred by failing to reverse the administrative law judge's decision on the grounds that the decision was arbitrary and an unwarranted exercise of discretion.

5. erred by failing to reinstate SNAP benefits and award damages for civil rights violations.

---

[2] SNAP benefits are often referred to as "food stamps."

## DISCUSSION

When reviewing an administrative final decision, the district court functions as an appellate court and reviews the administrative decisions according to La.R.S. 49:964, which regulates the review of administrative procedure. Louisiana Revised Statutes 49:964(G) provides that the district court may reverse or modify the administrative agency's findings only if the appellant's rights:

> have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error of law;
>
> (5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>
> (6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.

Thus, the district court determines if substantial rights of the appellant have been prejudiced in one of the above described ways. The ALJ's findings of fact are due deference by the trial court. *CHL Enters., LLC v. State, Dep't of Revenue*, 09-487 (La.App. 3 Cir. 11/4/09), 23 So.3d 1000, *writ denied*, 09-2613 (La. 2/12/10), 27 So.3d 848. We review the district court's findings of fact using the manifest error standard of review. *Id.* Thus, if reasonable support in the record

2

exists for the findings, we will not reverse the trial court's ruling unless it is clearly wrong. *Id.; Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993).

The ALJ found that DCFS proved by a preponderance of the evidence that its closure of Perry's SNAP case was proper. The ALJ made the following findings of fact:

> Yvette P. Perry submitted a redetermination application for SNAP benefits April 12, 2015. Ms. Perry was interviewed April 22, 2015, classified as a mandatory work eligible participant and required to register for work with LWC. The Department sent Ms. Perry a Client Contact Letter April 23, 2015, requesting additional verification. A SNAP 4RW Notice was mailed to Ms. Perry May 18, 2015, advising her to complete her work registration with LWC by May 29, 2015.

> On June 1, 2015, the Department's analyst checked the LWC HIRE screen which showed Ms. Perry last exited her HIRE account December 26, 2008. Ms. Perry's SNAP case was placed in Active Closure status and adverse notice was mailed to her June 2, 2015. The adverse notice advised Ms. Perry that the sanction would be removed if she reactivated her HIRE account by June 15, 2015. The Department's analyst checked the LWC HIRE screen June 15[th] and 16[th]; the LWC HIRE screens continued to show Ms. Perry last exited her HIRE account December 26, 2008. Ms. Perry did not comply by the June 15[th] deadline and her SNAP case closed. Ms. Perry activated her HIRE account June 19, 2015.

(Footnotes omitted).

The district court adopted the findings of the ALJ and further stated:

> Perry was given proper notice to register with the Louisiana Workforce Commission (LWC) and create or reactivate a HIRE account by May 31, 2015. No proof was presented that Yvette P. Perry registered with LWC to reactive[ate] her HIRE account timely. Her account was not reactivated until June 19, 2015.

The following testimony was adduced at the November 2015 telephone hearing before the ALJ.

Sharita Thibodeaux, DCFS worker, testified that Perry, as a single, unemployed, and not disabled person, was required to reactivate her HIRE account

3

online via the Louisiana Workforce Commission (LWC) website. Thibodeaux said that she explained the registration requirement to Perry at the time of her April 22, 2015 redetermination interview to continue her benefits. Thibodeaux further said that an "18-C Notice" (client contact letter) was mailed to Perry on April 23, 2015, which indicated that, by May 31, 2015, she needed to create a HIRE account or reactivate it by conducting a job search; otherwise her case would be sanctioned, and she would not receive her benefits for three months. Another document entitled a "SNAP 4RW" (Work Registration Requirement), was mailed to Perry on May 18, 2015, giving detailed information on how to login to the LWC website and create or reactivate a HIRE account. It further set forth the penalty of termination of benefits for three months if Perry failed to register by May 29, 2015.

Thibodeaux testified that she checked the LWC website on June 1, 2015, noting that Perry's last login to the website was December 26, 2008. Thibodeaux then discussed various forms used by DCFS, which were submitted into evidence. DCFS placed her case in active closure status and a "13-A Notice" (notice of adverse action) was created on June 1, 2015, and mailed June 2, 2015, according to Thibodeaux. This notice gave Perry another chance to activate her account by June 15, 2015, simply by searching for a job on the website and calling DCFS to let them know she had completed this action. The form clearly states that Perry's SNAP case will be closed on June 15, 2015, if she does not login into the LWC website and reactivate her HIRE account.

Thibodeaux testified that she again checked the LWC website on June 15, 2015, which still revealed a last login date by Perry of December 26, 2008. Thibodeaux then called Perry, but there was no answer. Thibodeaux's records

4

indicate that Perry called the call center on June 15, 2015. Thibodeaux returned the call on June 16, 2015, but again there was no answer.

On June 17, 2015, Thibodeaux manually mailed an "18-C Notice" along with the screen printouts from the LWC website for the dates of June 1, June 15, and June 16, 2015. Perry called the call center on June 19, 2015. Thibodeaux returned the call the same day at which time Perry requested a fair hearing. Thibodeaux said that Perry submitted a fair hearing request on June 29, 2015.

Perry testified that she registered on May 30, 2015, but that she had no proof of that. She further stated that the June 2, 2015 letter notifying her of the closure date was not mailed until June 10, 2015, and that it was not received by her until June 13, 2015, giving her only one business day to respond. Perry claimed "I have ten days to respond to an adverse letter, so my rights were taken from me," relying on the Code of Federal Regulations, Title 7, Subchapter C, part 273.15. Perry submitted photographs of an envelope with a postmark of June 10, 2016.

Perry was questioned by Marilyn Martin, a supervisor at DCFS, regarding her claim that she logged in on May 30, 2015. Perry said that she "knew from the day that you did my reconsideration hearing [April 2015] on the phone that I had to sign up for work."

Martin testified that the envelope submitted into evidence by Perry was not the type of envelope used by DCFS and that the notices are automatically generated and mailed by the mail room the day after they are completed by the workers in the computer system. Thibodeaux said that the only letter she personally mailed was the one with the screen printouts from June 1, 15, and 16, 2015. Martin further testified that all mail sent from the office used 48 cents postage rather than the 39 cents shown on the envelope submitted into evidence by

Perry. She further said that DCFS does not use two-window envelopes like the type submitted by Perry; she said that the return address of DCFS is pre-printed, and the window is only used for the client's name. Martin further testified that Perry's three-month sanction ended in September 2015, at which time Perry could reapply for benefits, but she declined. At the conclusion of the hearing, the ALJ scheduled another hearing to allow the parties to submit additional evidence. The follow-up telephone hearing occurred on December 2, 2015; however, no new issues were raised.

On May 2, 2016, the trial court's hearing elicited testimony reiterating what had already been stated. Perry, admitting that she knew she had to register by May 30, 2015, again argued that she was not timely notified that she was to register by June 15, 2015. Perry stated:

> What I do disagree with is the fact that the letter they'd sent me telling me about the adverse letter that my case was going to be closed was not in compliance with Title 7, under 273, which affords me 10 days from the mailing date to get that letter. They mailed the letter out on the 10th. And my closing date was, was the 15th. It came over the weekend, on the 13th. So, I had 2 days, and not 10 days as federal statute affords me the opportunity to have. I did not have those 10 days. So, that's really what this case really came down to.

Perry further stated:

> So, I don't argue . . . Judge, I don't disagree with they had . . . they had a right to close my case. But, they didn't do it according to federal guidelines. As they say, I didn't do it according to federal guidelines with signing up for work. They did not do it according to federal guidelines in closing my uh . . . my case.

The district court reviewed the ALJ's proceedings and found Perry failed to meet the May 30, 2015 deadline to register with HIRE in order to continue receiving her SNAP benefits. Our review of the record supports this finding. Perry relies on 7 C.F.R. §.273.13 which states:

6

the notice of adverse action shall be considered timely if the advance notice period conforms to that period of time defined by the State agency as an adequate notice . . . provided that the period includes at least 10 days from the date the notice mailed to the date upon which the action becomes effective.

Perry's SNAP benefits were scheduled to cease on May 30, 2015, pursuant to notice sent on April 23, 2015, but she was given extra time by DCFS. There is no dispute that Perry had notice in April that she had to reactive her HIRE account on the LWC website. Accordingly, Perry admitted that she knew she was required to register and failed to do so by the deadline of May 30, 2015. We are unable to determine why Perry did not login to a website and reactivate her account when it is clear she spent a significant amount of time drafting legal documents and appellate briefs. DCFS's extremely de minimus requirement that one login to a website in order to keep receiving benefits is the most trivial of burdens placed on SNAP recipients.

Although Perry focuses on the June 15, 2015 deadline and steadfastly argues that she only received notice on June 13, 2015, we find that fact immaterial. It is undisputed that Perry knew she had to register by May 30, 2015, received notice of said fact, and failed to do so. The June 15, 2015 deadline was merely a final gratuitous extension by DCFS to give Perry another chance to log in to the website and reactivate her account. Accordingly, there is no manifest error in either the ALJ's finding or the district court's finding that DCFS met its burden of proving by a preponderance of the evidence that Perry's SNAP benefits were properly terminated.

Perry's second prong of her argument relies on the untimely scheduling of her appeal of DCFS's termination of her benefits. Perry requested the hearing on

7

June 24, 2015, and the hearing was held on November 12, 2015.[3] Perry's argument appears to be that the delay in the scheduling should retroactively waive her failure to timely register/login to her HIRE account. We find this argument mooted by our above finding. Further, the trial court found Perry's rights were not prejudiced by the delay, and we find Perry's arguments in this regard without merit.

## CONCLUSION

The judgment of the trial court finding that the plaintiff-appellant, Yvette Perry's, SNAP benefits were properly terminated by the defendant-appellee, the State of Louisiana, Department of Children and Family Services, is affirmed. All costs of this appeal are assessed to Yvette Perry.

**AFFIRMED.**

---

[3] 7 C.F.R. § 273.15(1) is part of the chapter regulating the food stamp distribution program and requires that state agencies provide a fair hearing within sixty days of the request for a hearing.