819 So.2d 440 (2002)
Charles M. ATWOOD, et al.
v.
GRAND CASINOS OF LOUISIANA, INC.COUSHATTA.
No. 01-1425.
Court of Appeal of Louisiana, Third Circuit.
June 5, 2002.
*441 Michael R. Mangham, Mangham & Fuqua, L.L.P., Lafayette, LA, for Plaintiff/Appellant, Charles M. Atwood.
George W. Gondron, Nederland, TX, for Plaintiff/Appellant, George W. Gondron.
Charles J. Foret, Briney & Foret, Lafayette, LA, for Defendant/Appellee, Grand Casinos of Louisiana, Inc.Coushatta.
Bruce D. Beach, Allen & Gooch, Lafayette, LA, for Defendant/Appellee, Zurich Insurance Co.
Court composed of Chief Judge NED E. DOUCET, JR., HENRY L. YELVERTON, ULYSSES G. THIBODEAUX, JOHN D. SAUNDERS, and JIMMIE C. PETERS, Judges.
PETERS, J.
This is a defamation case which is before us on the question of nonjoinder of a party needed for just adjudication.
Charles M. Atwood was a blackjack dealer for Grand Casinos of Louisiana, Inc.Coushatta (Casino), from May of 1994 through July 3, 1997. George W. Gondron was a patron of the Casino. On July 3, 1997, Atwood was accused of cheating at blackjack with Gondron. Atwood was removed from his station during play, stripped of his dealer's license, and escorted under guard from the Casino.
This litigation began when Atwood and Gondron filed a petition for damages on December 19, 1997, against the Casino; Mike Jones; Chris Ivey; and the State of Louisiana, through the Department of Public Safety and Corrections. Jones is the chief investigator for the Tribal Gaming Commission, and Ivey is a Louisiana State Trooper. Additionally, on July 5, 2000, the plaintiffs added Lawrence Robert Beale, the director of surveillance for the Casino, and Zurich Insurance Company as party defendants. The plaintiffs are seeking to recover damages for defamation and intentional infliction of emotional distress allegedly caused by the defendants' actions in falsely accusing them of cheating at blackjack at the Casino. By joint motion and order of the court on October 7, 1999, the State of Louisiana, through the Department of Public Safety and Corrections, and Chris Ivey were dismissed from the litigation with prejudice.
The case is currently before us on a peremptory exception of nonjoinder of a party needed for just adjudication, which Jones and the Casino filed on September 6, 2000. Specifically, Jones and the Casino asserted in the exception that the plaintiffs failed to join a party needed for just adjudication, the Coushatta Tribe of Louisiana (Tribe), because "all parties whose acts or omissions may give rise to the plaintiffs' cause of action are employees of the Coushatta Tribe of Louisiana." Jones and the Casino also asserted that the damages arose out of activities and conduct which occurred at the Casino in Kinder, Louisiana, and that the Casino did not own the premises and did not own any of the equipment thereon. They further specifically asserted that Jones is an employee, not of the Casino, but of the Tribe.
Further, in the memorandum filed in support of the exception, Jones and the Casino alleged that the Tribe is a sovereign Indian nation recognized by the United States of America and that, as a sovereign entity, it entered into a management and construction agreement with the Casino. *442 They also asserted that, although the Tribe is an indispensable party, as a sovereign nation it is not subject to jurisdiction of the court such that the litigation must be dismissed and refiled in the Coushatta Tribal Court.
On April 30, 2001, the trial court sustained the exception of nonjoinder. Subsequently, the trial court filed written reasons for judgment in which it explained as the basis of its ruling that, under Louisiana law, an employer is vicariously liable for the torts committed by employees acting within the scope of their employment. However, the trial court also stated the following:
The agreement between Grand Casinos and the Tribe does not clearly state the type of relationship the parties intended to create. Its terms raise the possibility that the Tribe retained enough control over Grand Casinos' management to saddle the Tribe with liability. The Tribe adopted Gaming Control Ordinances with which Grand Casinos was bound to comply. The Tribe approved the manager of the Casino, and keeps tabs on daily operations through representatives. The management committee of the Casino consists of two members: a Grand Casinos appointee and a tribal representative; the concurrence of both parties is required to act. Grand Casinos itself must be licensed pursuant to the Gaming Control Ordinances adopted by the Tribe. The Tribe directly employs the Casino's staff, including the safety and security force and that force reports to the general manager, who is appointed subject to the Tribe's approval. Finally, the management committee, staffed by a representative of the Tribe, must review and approve the personnel policies of the Casino. This agreement contains enough examples of tribal control over the operation of the Casino to raise the possibility of the Tribe's liability. Such potential liability makes the Tribe necessary for just adjudication.
The trial court additionally found that, although the tribe is necessary for a just adjudication, joinder is not feasible because the Tribe, as a sovereign Indian nation, is not amenable to the jurisdiction of our state courts. Because the trial court found that it could not tailor any judgment in the absence of the Tribe that would not prejudice the Tribe, the Casino, Jones, and Beale, it dismissed the suit. It is from this judgment that the plaintiffs have appealed.

OPINION
By Acts 1995, No. 662, § 1, the legislature deleted the term "indispensable party." Now, La.Code Civ.P. art. 641 provides:
A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
The defendants point out that the Tribe owns the premises on which the Casino is operated and that the Tribe is the employer of all personnel who work at the Casino, including Jones. The defendants argue that the Tribe, "as employer of all relevant actors, has a significant interest in the *443 outcome of this suit." Additionally, the defendants assert in brief:
Insofar as Mike Jones and Lawrence Beale are employees of the Coushatta Tribe of Louisiana and, further, to the extent that acts committed by Jones and Beale in the course and scope of their employment with the Tribe have given rise to the plaintiffs' claims herein, the Coushatta Tribe of Louisiana has a strong interest in the outcome of the plaintiffs' claims, specifically, as to whether the Tribe would ultimately bear responsibility for satisfying a judgment rendered against its employees for acts which they committed in the course and scope of their employment.
Clearly, an employer is vicariously liable for the tortious acts of its employee when the employee is acting within the ambit of his assigned duties and in furtherance of his employer's objectives. Hubbard v. Lakeland Nursing Home, 98-1893 (La.App. 3 Cir. 5/19/99), 734 So.2d 1280, writ denied, 99-1705 (La.10/1/99), 748 So.2d 442. Additionally, while the tort of defamation is an individual tort that generally does not give rise to solidary liability, it may give rise to solidary liability when the defamatory statements are made by an employee in the course and scope of his employment and the defamation was authorized or ratified by the employer. Trentecosta v. Beck, 96-2388 (La.10/21/97), 703 So.2d 552. Importantly, La.Code Civ.P. art. 643 provides in part that "one or more solidary obligors may be sued to enforce a solidary obligation, without the necessity of joining all others in the action." Even assuming that the defendants are joint obligors, La.Civ.Code art. 1789 provides in part that, "[w]hen a joint obligation is indivisible, joint obligors ... are subject to the rules governing solidary obligors...." Moreover, by Acts 1995, No. 662, § 1, the legislature deleted the following from La.Code Civ.P. art. 643: "All joint obligees are necessary parties to an action to enforce a joint right, and all joint obligors are necessary parties to an action to enforce a joint obligation."
In light of the foregoing, the Tribe is not a necessary party to the action. Thus, the trial court erred in granting the defendants' exception of nonjoinder. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

DISPOSITION
For the foregoing reasons, we reverse the judgment of the trial court that granted the exception of nonjoinder filed by Grand Casinos of Louisiana, Inc.Coushatta, and Mike Jones and remand for further proceedings consistent with this opinion. We assess all costs of this appeal to Grand Casinos of Louisiana, Inc. Coushatta, and Mike Jones.
REVERSED AND REMANDED.
SAUNDERS, J., dissents.