STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**15-769**


ZACHARY ZAUNBRECHER, ET AL.

VERSUS

THE SUCCESSION OF LEO J. DAVID, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2013-9544-B
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.


**REVERSED IN PART; AFFIRMED IN PART; REMANDED.**

Steven J. Bienvenu
Falgoust, Caviness & Bienvenu
P. O. Box 1450
Opelousas, LA 70571
(337) 942-5811
COUNSEL FOR DEFENDANT/APPELLEE:
    Louisiana Farm Bureau Ins. Co.

Michael T. Johnson
Valerie M. Thompson
Johnson, Siebeneicher & Ingram
2757 Highway 28 East
Pineville, LA 71360
(318) 484-3911
COUNSEL FOR DEFENDANT/APPELLEE:
    The Succession of Leo J. David

Robert Marionneaux
Jeff D. Easley
The Marionneaux Law Firm
660 Saint Ferdinand Street
Baton Rouge, LA 70802
(225) 330-6679
COUNSEL FOR PLAINTIFF/APPELLANT:
    Zachary Zaunbrecher

Amanda G. Clark
Mason C. Johnson
Forrester & Clark
4981 Bluebonnet Blvd.
Baton Rouge, LA 70809
(225) 928-5400
COUNSEL FOR DEFENDANTS/APPELLEES:
    Tunica-Biloxi Indians of Louisiana through the Tunica Biloxi Gamin
Authority d/b/a Paragon Casino Resort
    Jeremy Ponthieux
    Nathan Ponthier
    Marissa Martin

**EZELL, Judge.**

Zachary Zaunbrecher appeals a trial court judgment which dismissed his suit against the Tunica-Biloxi Gaming Authority d/b/a Paragon Casino Resort (Paragon Casino), Marissa Martin, Jeremy Ponthieux, and Nathan Ponthier for lack of subject matter jurisdiction based on tribal sovereign immunity. On appeal, Mr. Zaunbrecher does not complain about the dismissal of Paragon Casino. He argues that his claims against the three individual defendants should not have been dismissed because they are not entitled to sovereign immunity.

## FACTS

Paragon Casino is owned by the Tunica Biloxi Tribe through its Tunica Biloxi Gaming Authority. According to the petition and amending petition, Leo David went to the Paragon Casino on July 10, 2013, at 5:30 p.m. Ms. Martin was bartending that night and serving drinks to Mr. David. Twelve hours later, at approximately 6:00 a.m. on July 11, 2013, Mr. David was approached by two casino security guards, Mr. Ponthieux and Mr. Ponthier. Due to his intoxication, Mr. David was asked to leave the casino. Mr. Ponthieux and Mr. Ponthier escorted Mr. David to his automobile.

Once in his vehicle, Mr. David proceeded north on Louisiana Highway 1. Within five miles of the casino, Mr. David crossed the center line of the highway, striking Blake Zaunbrecher's vehicle, who was travelling south on Highway 1. Both Blake Zaunbrecher and Mr. David were killed as a result of the accident.

Zachary Zaunbrecher (Mr. Zaunbrecher), the son of Blake Zaunbrecher, filed suit against the estate of Mr. David, his insurer, and Louisiana Farm Bureau, the uninsured motorist insurer of Blake Zaunbrecher. He later amended his petition to add Paragon Casino, Ms. Martin, Mr. Ponthieux, and Mr. Ponthier

(hereinafter collectively referred to as "casino defendants") as defendants. The casino defendants answered the petition and filed exceptions of lack of subject matter jurisdiction, no cause of action, and lis pendens.

A hearing on the exception of lack of subject matter jurisdiction was held on May 18, 2015. The trial court granted the exception of lack of subject matter jurisdiction and dismissed all of Mr. Zaunbrecher's claims against the casino defendants. Mr. Zaunbrecher then filed the present appeal.

## SOVEREIGN IMMUNITY

On appeal Mr. Zaunbrecher argues that trial court erred in granting the exception of lack of subject matter jurisdiction as to Ms. Martin, Mr. Ponthieux, and Mr. Ponthier because, even though they are employees of Paragon Casino, they do not enjoy sovereign immunity for their individual tortious actions. Mr. Zaunbrecher does not contest that Paragon Casino has sovereign immunity as an instrumentality of the Tribe. *See Kiowa Tribe of Oklahoma v. Mfg. Techs., Inc.*, 523 U.S. 751, 118 S.Ct. 1700 (1998), which held that tribal sovereign immunity protects Indian tribes from suit absent express authorization by Congress or clear waiver by the tribe. Mr. Zaunbrecher argues that the three individual defendants are not the Indian Tribe and as such enjoy no sovereign immunity.

Whether a court has subject matter jurisdiction is a question of law which is reviewed de novo. *State v. Murphy Cormier Gen. Contractors, Inc.*, 15-111 (La.App. 3 Cir. 6/3/15), 170 So.3d 370, *writ denied*, 15-1297 (La. 9/25/15), ___ So.3d ___. A party raising a sovereign immunity defense challenges the subject matter jurisdiction of the state court. *Id.*

Tribal sovereign immunity does extend to a tribal officer who is acting in his or her official capacity and within the course and scope of his or her authority.

2

*Cook v. Avi Casino Enters., Inc.*, 548 F.3d 718 (9th Cir. 2008), *cert. denied*, 556 U.S. 1221, 129 S.Ct. 2159 (2009). Tribal immunity also protects tribal employees who are acting in their official capacity and within the course and scope of their authority. *Id*. The reason for extending sovereign immunity to tribal officials and employees is to protect an Indian tribe's treasury and prevent a plaintiff from bypassing tribal immunity by naming a tribal official or employee. *Id*. However, while a state court may not exercise jurisdiction over a recognized Indian tribe, **a state court does have authority to adjudicate the rights of individual defendants when personal jurisdiction is proper**. *Puyallup Tribe, Inc. v. Dep't of Game of State of Washington*, 433 U.S 165, 97 S.Ct. 2616 (1977).

Therefore, the question before us is whether these three individual defendants were sued in their capacities as employees of Paragon Casino or in their individual capacities. "As a general matter, individual or '[p]ersonal-capacity suits seek to impose personal liability upon a government official for [wrongful] actions he takes under color of . . . law,' and that were taken in the course of duties." *Pistor v. Garcia*, 791 F.3d 1104, 1112 (9th Cir. 2015)(quoting *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105 (1985)(alterations in original). "An officer sued in his individual capacity, in contrast, although entitled to certain 'personal immunity defenses['], . . . cannot claim *sovereign* immunity from suit, 'so long as the relief is sought not from the [government] treasury but from the officer personally.'" *Id*. (quoting *Alden v. Maine*, 527 U.S. 706, 757, 119 S.Ct. 2240, 2267-68 (1999)(emphasis in original)(second alteration in original).

In *Cook*, 548 F.3d 718, the plaintiff sued several casino employees for damages when she was hit by a drunk driver who was an employee of a tribal casino and had been served free drinks by other casino employees after she was

3

obviously intoxicated. Casino employees then allowed their fellow employee to take a casino-run shuttle bus to her car so that she could drive home. The court recognized that the plaintiff sued the casino employees in name but sought recovery from the tribe because the complaint alleged that the tribe was vicariously liable for all actions of the casino employees. The court held that "[p]laintiffs such as Cook cannot circumvent tribal immunity through 'a mere pleading device.'" *Id.* at 727 (quoting *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71, 109 S.Ct. 2304 (1989)).

However, in *Maxwell v. County of San Diego*, 708 F.3d 1075 (9th Cir. 2013), the court found that a claim could be brought against tribal fire department medics in their individual capacities. The court concluded "that the Viejas Fire paramedics do not enjoy tribal sovereign immunity because a remedy would operate against them, not the tribe." *Id.* at 1087. Utilizing a remedy-focused analysis, the court reasoned that "[d]ue to 'the essential nature and effect' of the relief sought, the sovereign is not 'the real, substantial party in interest.'" *Id.* at 1088 (quoting *Ford Motor Co. v. Dep't of Treasury of Ind.*, 323 U.S. 459, 65 S.Ct. 347 (1945)).

In the present case, Mr. Zaunbrecher's petition alleges specific acts of negligence against the three casino employees, all of which occurred on casino property. While Mr. Zaunbrecher does assert that Paragon Casino is liable for the negligence and fault of the three individual defendants, there are also allegations pointing to the personal liability of the three individual defendants.

In *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La.1973), *superseded by statute on other grounds*, La.R.S. 23:1032 (emphasis added)(footnote omitted), the Louisiana Supreme Court set out four criteria that must be satisfied to impose

4

individual liability on an employee for injury to a third person caused by the employee's breach of an employment-imposed duty:

1. The principal or employer owes a duty of care to the third person (which in this sense includes a co-employee), breach of which has caused the damage for which recovery is sought.

2. This duty is delegated by the principal or employer to the defendant.

3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. *The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances-whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.*

4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

Regarding Ms. Martin's individual liability, Mr. Zaunbrecher alleged that she was specifically trained in the ability to recognize impairment of individuals and had a duty to refrain from serving alcohol to such individuals. He claims that Ms. Martin's failure to recognize Mr. David's impairment, continuing to serve him, and failure to notify tribal leaders was negligent. From these facts as alleged, a trier of fact could determine that Ms. Martin had a personal duty toward Mr.

David to stop serving him alcohol, preventing him from causing injury to himself or another person.

Regarding Mr. Zaunbrecher's claims against Mr. Ponthieux and Mr. Ponthier, he specifically alleged that they were trained to recognize impaired individuals and how to handle such individuals. In his negligent entrustment claim, Mr. Zaunbrecher further alleged that the security guards escorted Mr. David from the casino due to his intoxication, granting him access to his car, which led to the death of Mr. Zaunbrecher's father.

In light of the allegations in the petition, we conclude that Mr. Zaunbrecher has asserted personal liability claims against these three individuals by alleging that they had knowledge of his intoxicated condition and owed personal duties to Mr. David while he was drinking which led to the death of his father, Blake Zaunbrecher. We find that sovereign immunity in this case does not bar the suit against the Paragon Casino employees in their individual capacities. "Any damages will come from their own pockets, not the tribal treasury." *Maxwell*, 708 F.3d at 1089. We find the trial court erred in granting an exception of subject matter jurisdiction as to Ms. Martin, Mr. Pontheaux, and Mr. Pontier.

## LIS PENDENS

On appeal, the casino defendants have asked this court to stay the instant matter, pending disposition of the identical action in tribal court. We first observe that Paragon Casino is not a necessary party to this suit. Based on this court's ruling in *Atwood v. Grand Casinos of Louisiana, Inc.—Coushatta*, 01-1425 (La.App. 3 Cir. 6/5/02), 819 So.2d 440, *writ denied*, 02-1873 (La. 10/14/02), 827 So.2d 426, Paragon Casino is not a necessary party to these proceedings. In *Atwood*, this court held that the Coushatta Tribe was not a necessary party in a suit

by a patron against a tribe employee and the company that managed the casino for defamation. We determined that the Coushatta Tribe faced vicarious liability as the employer of the casino personnel and also could have ratified or authorized the employee's defamatory statements, which is ordinarily an individual tort not subject to solidary liability. Pursuant to La.Code Civ.P. arts. 643 and 1789, we held that even if the Coushatta Tribe was jointly liable with its casino employees, it was not a necessary party because suit could be filed against one or more solidary obligors without joining all solidary obligors. Therefore, Paragon Casino is not a necessary party in the state court proceedings in order for the trial court to decide the personal liability of the three individual defendants. However, the casino defendants further argue that a stay should be granted because they will be required to defend the exact same claim in two separate forums.

Louisiana Code of Civil Procedure Article 532 allows a court to stay proceedings when suits are pending in federal and state courts. We find no law, nor have the casino defendants cited any to us, which permits a state court to stay proceedings when there is a pending action in a tribal court. Comments (a) and (b) to La.Code Civ.P. art. 532 contemplate application of the article in a foreign jurisdiction.

Even if La.Code Civ.P. art. 532 is applicable to this matter, the stay of proceedings is discretionary with the trial court. While the casino defendants did file an action of lis pendens in the trial court, this matter was not considered by the trial court. Therefore, we remand this matter to the trial court for consideration of whether the requirements of La.Code Civ.P. art. 532 are met and whether it, in its discretion, wants to stay all proceedings. *See Gulf Coast Mineral, LLC v.*

*Grothaus*, 09-685 (La.App. 3 Cir. 12/9/09), 26 So.3d 909, *writ denied*, 10-431 (La. 5/21/10), 36 So.3d 231.

For the reasons expressed in this opinion, the judgment of the trial court granting the exception of subject matter jurisdiction as to Marissa Martin, Jeremy Ponthieux, and Nathan Ponthier is reversed. The judgment of the trial court granting the exception of subject matter jurisdiction as to the Tunica-Biloxi Gaming Authority d/b/a Paragon Casino Resort is affirmed. Costs of this appeal are assessed to Marissa Martin, Jeremy Ponthieux, and Nathan Ponthier. The case is remanded to the trial court for further proceedings.

**REVERSED IN PART; AFFIRMED IN PART; REMANDED.**