# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT


## CA 23-728



**LELA MAE FLOWERS**

**VERSUS**

**JENA BAND OF CHOCTAW INDIANS, ET AL**



**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 27006
HONORABLE WARREN D. WILLETT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ELIZABETH A. PICKETT
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Elizabeth A. Pickett, Gary J. Ortego, and Ledricka J. Thierry, Judges.



**AFFIRMED.**



**Anthony J. Bruscato**
**Attorney at Law**
**2011 Hudson Lane**
**Monroe, LA 71201**
**(318) 325-7577**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **Lela Mae Flowers**

**Bonita Preuett-Armour**
**Sheridan C. Hogue**
**Armour Law Firm, L.L.C.**
**Post Office Box 8386**
**Alexandria, LA 71306**
**(318) 442-6611**
**COUNSEL FOR DEFENDANTS-APPELLEES:**
  **The Jena Choctaw Indian Gaming Authority**
  **The Jena Choctaw Indian Authority**
  **The ABC Corporation d/b/a Jena Choctaw Pines Casino**
  **Alliant Specialty Insurance Services, Inc.**
  **Hudson Excess Insurance Company**

**PICKETT, Chief Judge.**

Plaintiff appeals two judgments. The first judgment granted an insurer's exception of no right of action and dismissed the plaintiff's claims against it with prejudice. The second judgment denied the plaintiff's motion to file a second supplemental and amending petition to add another defendant. We affirm.

## FACTS

On February 25, 2021, Lela Mae Flowers filed suit against the Jena Band of Choctaw Indians (the Band); Jena Choctaw Indian Gaming Authority, Jena Choctaw Indian Authority; ABC Corporation, "believed to be one or more of the three previously named defendants, doing business as 'Jena Choctaw Pines Casino'" (collectively the Casino); and Alliant Specialty Insurance Services, Inc. (Alliant), to recover damages for injuries she allegedly sustained while a patron of the Casino. The Band and the Casino answered Ms. Flowers' petition and filed an exception of lack of subject matter jurisdiction on the basis of sovereign immunity and sought to be dismissed from the litigation.

After conducting a hearing where the parties presented testimonial and documentary evidence, the trial court granted the Band's exception of lack of subject matter jurisdiction and motion to dismiss by a judgment signed January 24, 2022. The trial court reserved deciding whether the Casino was entitled to sovereign immunity and whether subject matter jurisdiction existed as to Ms. Flowers' claims against it, finding the evidence introduced on the issue was insufficient to establish the Casino was entitled to sovereign immunity. The Casino filed a motion for new trial on February 2, 2022, which was denied.

On June 1, 2022, Ms. Flowers filed an amending and supplemental petition to add Hudson Excess Insurance Company (Hudson), the insurer of the Band and

the Casino, as a defendant. The defendants answered the petition, reasserting their exception to subject matter jurisdiction and filed an exception of res judicata based on the trial court's judgment granting its exception of lack of subject matter jurisdiction as to the Band.

On May 26, 2023, the Casino filed a motion for summary judgment asserting that the Gaming Authority, which operates the Casino, is an unincorporated entity of the Band and, therefore, entitled to sovereign immunity. Documentation attached to the motion included an affidavit of the Band's former Tribal Chief outlining the history of the Band and its sovereign immunity, the creation of the unincorporated Gaming Authority, and the Gaming Authority's immunity from suit by virtue of the Band's sovereign immunity. The Casino also filed a restated and supplemental peremptory exception of lack of subject matter jurisdiction. Hudson and Alliant filed a joint peremptory exception of no right of action. Hudson asserted in its exception of no right of action that because the Band and the Casino have sovereign immunity, Ms. Flowers has no right of action to proceed against it alone.

On July 5, 2023, Ms. Flowers filed oppositions to the defendants' motions, urging that she can proceed against Hudson under the Direct Action Statute, La.R.S. 22:1269. She also filed a motion seeking permission to file a second supplemental and amending petition to name the Casino's security supervisor as a defendant. The defendants objected to Ms. Flowers' motion.

The trial court conducted a hearing to address the parties' exceptions and motions on July 18, 2023. At that time, Ms. Flowers "conceded" that the Band and Casino were "entitled to sovereign immunity." Alliant produced evidence establishing that it is a producer, not an insurer, and not liable for Ms. Flowers'

2

claims. On August 3, 2023, the trial court signed a judgment, dismissing with prejudice Ms. Flowers' claims against the Band, the Casino, and Alliant.

The trial court concluded that Ms. Flowers does not have a direct action against Hudson under La.R.S. 22:1269 and denied her motion to amend her petition to add an additional defendant. The trial court signed judgments granting Hudson's exception of no right of action, dismissing Ms. Flowers' claims against it with prejudice, and denying Ms. Flowers' motion to file a second supplemental and amending petition.

Ms. Flowers appealed these two judgments and assigns the following errors with the trial court's rulings:

1) The trial court erred in granting the exception of no right of action of defendant Hudson Excess Insurance Company ("Hudson"); alternatively, the trial court erred in dismissing with prejudice as any dismissal should have been without prejudice.

2) The trial court erred in denying plaintiff's motion to file her Second [Supplemental and Amending] Petition; alternatively, even if the trial court did not err in denying the motion to amend, the trial court erred in including language in the judgment which indicates that the claims sought to be asserted in in the Second [Supplemental and Amending] Petition are dismissed with prejudice as any dismissal should be without prejudice.

## DISCUSSION

### *Direct Action*

Ms. Flowers first argues that the trial court erred in granting Hudson's exception of no right of action. Louisiana's Direct Action Statute, La.R.S. 22:1269, provides a "procedural right of action" against an insurer when a plaintiff has a cause of action against an insured and the insurer's policy covers a particular risk, but it "does not create an independent cause of action against the insurer." *Descant v. Adm'rs of Tulane Educ. Fund,* 93-3098, p. 3 (La. 7/5/94), 639 So.2d 246, 249.

3

*See also, Soileau v. Smith True Value & Rental*, 12-1711 (La. 6/28/13), 144 So.3d 771.

The Direct Action Statute, La.R.S. 22:1269(B)(1), states, in pertinent part:

> The injured person . . . at [her] option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido . . . however, such action may be brought against the insurer alone only when at least one of the following applies:

> a) The insured has been adjudged bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.

> b) The insured is insolvent.

> c) Service of citation or other process cannot be made on the insured.

> d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.

> e) When the insurer is an uninsured motorist carrier.

> f) The insured is deceased.

Hudson argues that Ms. Flowers cannot proceed directly against it alone because she has not shown that one of the six requirements set forth in La.R.S. 22:1269(B)(1) applies to the Band and/or the Casino. Hudson further argues that as the insurer of an entity that has sovereign immunity, Ms. Flowers cannot sue it directly, citing *Laborde v. Pecot*, 05-285 (La.App. 3 Cir. 11/2/06), 942 So.2d 699, *writ denied,* 06-2837 (La. 2/2/07), 948 So.2d 1082, and *writ denied,* 06-2865 (La. 2/2/07), 948 So.2d 1085, and *writ denied,* 06-2879 (La. 2/2/07), 948 So.2d 1085, and *writ denied,* 06-2880 (La. 2/2/07), 948 So.2d 1086. In *Laborde*, *Id*. at 703, this court held "Louisiana Revised Statute 22:655 [now 22:1269] does not provide for direct action in state court against the insurer of a party claiming sovereign immunity" without explaining its reasoning.

4

Ms. Flowers conceded that the Band and the Casino have sovereign immunity. Nonetheless, she now argues that because her claims against the Band and the Casino had not been dismissed when the hearing on Hudson's exception of no right of action was held, the Band and the Casino were still parties to the litigation. She concludes, therefore, that she sued the insured and the insurer as required by the Direct Action Statute.

Ms. Flowers cites *Soileau*, 144 So.3d 771, in support of her argument. In *Soileau*, the plaintiff filed suit against the insured and his insurer, then dismissed the insured after reaching a settlement with him. The insurer sought to be dismissed because none of the La.R.S. 22:1269(B)(1) requirements applied. This court held that the plaintiff satisfied the Direct Action Statute's requirement that the insured and the insurer must be sued because he dismissed the insured after he settled with the insured. Ms. Flowers contends that the supreme court's conclusions in *Soileau*, 144 So.3d 771, overruled this court's holding in *Laborde*, 942 So.2d 699. Notably, the supreme court did not mention *Laborde* in *Soileau*, when discussing the facts at issue therein, and our review of the opinion does not indicate the supreme court intended its decision to affect the holding in *Laborde*.

An insurance policy is a contract between the insured and the insurer that controls their obligations. La.Civ.Code arts. 1906, 1983. *See also Peterson v. Schimek*, 98–1712 (La. 3/2/99), 729 So.2d 1024. "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, courts must enforce the contract as written." *Id.* at 1028 (citing La.Civ.Code art. 2046).

The general liability provision of the insurance policy Hudson issued to the Band and Casino states, in pertinent part: "'Hudson' agrees . . . to indemnify the 'Assured' against 'loss' and 'expense' because of 'bodily injury', 'personal injury',

5

and/or 'property damage' caused by an 'occurrence.'" The policy defines "Loss," to "mean the total sum . . . which the 'Named Assured' becomes legally obligated to pay."

Hudson is only obligated to pay what the Band and/or the Casino is obligated to pay. The Band and the Casino have sovereign immunity and cannot be held legally obligated to pay Ms. Flowers for her injuries by a Louisiana state court. Accordingly, Hudson cannot be liable to Ms. Flowers for her claims against the Band and the Casino. *See also*, *Koscielak v. Stockbridge-Munsee Cmty.*, 2012 30 WI App 30, ¶21, 340 Wis.2d 409, 811 N.W.2d 451 (third party does not have a direct action, Wis.Stat. § 632.24, against Indian tribe's insurer because the Tribe is protected by tribal immunity and cannot be held liable to pay anything).

Ms. Flowers also argues that federal law does not bar insurers of Indian tribes from being held liable for a tribe's vicarious liability for its employees' negligence. Her argument indicates that she is confused regarding the difference between insurance policies issued to Indian tribes for their negligence and insurance policies issued to Indian tribes in conjunction with federal contracts governed by the Indian Self-Determination and Education Assistance Act, 25 U.S.C. §§ 450–458hh (ISDEAA). Insurers of Indian tribes that enter into federal contracts governed by the ISDEAA must waive any right they have to raise the tribe's sovereign immunity as a defense with regard to such a contract. *Demontiney v. U.S. ex rel. Dep't of Interior, Bureau of Indian Affs.*, 255 F.3d 801 (9th Cir. 2001). This waiver applies only to ISDEAA contracts. *Id.* No federal ISDEAA contract is at issue herein. This argument lacks merit.

For these reasons, the trial court did not err in dismissing Ms. Flowers' claims against the Band and the Casino.

***Motion to Amend***

Ms. Flowers next argues that the trial court erred in denying her motion to file a second supplemental and amending petition to add an employee of the Casino as defendant. The defendants opposed her motion to amend arguing that her claims against them had been dismissed with prejudice. Thus, the litigation had been terminated, and there is no reason to allow Ms. Flowers to add an additional defendant.

In her original petition, Ms. Flowers asserted that she was injured after patrons in the bar adjacent to where she was seated at a gaming machine in the Casino began fighting for a second time because the security staff failed to take reasonable precautions after the first fight to prevent another altercation. She argues that the trial court should have allowed her to amend her petition to add Jeremy Ardoin, the Casino's security supervisor, as a defendant, urging that he had personal responsibility for her injuries.

We must determine whether the trial court abused its discretion in denying Ms. Flowers' motion to amend her petition to pursue a claim against Mr. Ardoin for his alleged personal negligence. As a general rule, courts allow the amendment of pleadings after a defendant has filed an answer unless the evidence shows that the amendment is not sought in good faith, is being used to delay the proceeding, or may prejudice another party. *Bucks v. DirecTECH Sw.*, 52,474 (La.App. 2 Cir. 2/27/19), 266 So.3d 467, *writ denied,* 19-701 (La. 9/6/19), 278 So.3d 970. A trial court's decision to allow or deny an amendment is within its sound discretion, and that decision should not be overruled on appeal unless the evidence shows an abuse of discretion occurred and that an injustice could result from the ruling. *Id.*

Suit was filed in this matter on February 25, 2021. In April 2021, the defendants filed exceptions of lack of subject matter jurisdiction. On November 30, 2021, the Band proved that it enjoys sovereign immunity and that the trial court lacked subject matter jurisdiction. On May 25, 2023, the trial court issued a Scheduling Order, setting trial for October 18, 2023. The next day, the Casino filed its motion for summary judgment to establish it has sovereign immunity.

During the July 18, 2023 hearing on Ms. Flowers' motion to amend her petition, the trial court expressed its frustration with her seeking to add a new defendant and pointed out that the late addition of a new defendant would delay the matter beyond the scheduled trial date. The trial court explained:

> [T]here were representations to the Court [several months ago] that we were ready for trial at least from the plaintiff's side . . . and I think it is prejudicial to bring a defendant in, even if he is an employee of one of the originally named defendants who you've had knowledge of his . . . alleged involvement in this action to bring him in with three (3) months' notice."

The trial court also noted that Ms. Flowers had not included all potential defendants because the parties actually involved in the disturbance were not parties and that all potential tortfeasors should be included for purposes of a comparative-fault assessment as required by La.Civ.Code art. 2323.

Furthermore, Ms. Flowers' counsel's arguments indicate he believed that by naming Mr. Ardoin as a defendant, Hudson would remain in the litigation as the insurer of the Casino's vicarious liability for Mr. Ardoin's alleged negligence. That is not the case here because "Tribal immunity also protects tribal employees who are acting in their official capacity and within the course and scope of their authority." *Zaunbrecher v. Succession of David*, 15-769 (La.App. 3 Cir. 12/9/15), 181 So.3d 885, 887 *writ denied sub nom. Zaunbrecher v. David*, 16-49 (La. 2/26/16), 187 So.3d 1002 (citing *Cook v. Avi Casino Enters., Inc.,* 548 F.3d 718

(9th Cir. 2008), *cert. denied,* 556 U.S. 1221, 129 S.Ct. 2159 (2009)). Accordingly, Mr. Ardoin could only be held liable for his personal negligence in state court, and Hudson would not be liable for his personal negligence.

Allowing Ms. Flowers to add a new defendant almost four years after her March 2020 injury would essentially restart this litigation again from square one. As the only defendant, Mr. Ardoin would likely seek to name additional parties and discovery could be cumbersome so long after the incident. This situation could have been avoided if counsel had heeded the warnings the trial court made in May and November 2021 that it did not believe subject matter jurisdiction existed for Ms. Flowers' claims. Counsel for plaintiff did not move to add another defendant until July 2023 when he likely realized that no defendant would remain in the litigation after the July 18 hearings unless he named another defendant.

For these reasons, we find the trial court did not abuse its discretion in denying Ms. Flowers' motion to file a second supplemental and amending petition and reverse the judgment denying her that opportunity.

## DISPOSITION

For the reasons discussed, the trial court's judgments dismissing Lela Mae Flowers' claims against Hudson Excess Insurance Company with prejudice and denying her motion to file a second supplemental and amending petition are affirmed. Lela Mae Flowers is assessed with all costs not previously assessed by the trial court.

**AFFIRMED.**

9