# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-893

WENDY THIBODEAUX

VERSUS

STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF
TRANSPORTATION AND DEVELOPMENT

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 25,156 "A"
HONORABLE KATHY A. JOHNSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and
Jimmie C. Peters, Judges.

### AFFIRMED IN PART AND REVERSED IN PART.

Peters, J., concurs in the result.

**James D. "Buddy" Caldwell**
**Attorney General**
**Henry S. Provosty**
**Lena D. Giangrosso**
**Provosty & Gankendorff, L.L.C.**
**Special Assistant Attorneys General**
**650 Poydras Street, Suite 2700**
**New Orleans, LA 70130**
**(504) 410-2795**
**COUNSEL FOR DEFENDANT/APPELLANT:**
> **State of Louisiana, through the Department of Transportation and**
> **Development**

**John F. Blackwell**
**Attorney at Law**
**P. O. Box 10051**
**New Iberia, LA 70562-0051**
**(337) 367-8517**
**COUNSEL FOR DEFENDANT/APPELLANT:**
> **State of Louisiana, through the Department of Transportation and**
> **Development**

**W. Mark McKee**
**Attorney at Law**
**P. O. Box 1628**
**Columbia, LA 71418**
**(318) 649-2622**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
> **Wendy Thibodeaux**

**SAUNDERS, Judge.**

This is a Jones Act case wherein the Plaintiff, Wendy Thibodeaux, sued Defendant, the State of Louisiana, Department of Transportation and Development, for damages arising from a personal injury she sustained while cleaning up oil on a state-owned ferry boat. The trial court denied Defendant's motion for summary judgment and granted Plaintiff's motion for partial summary judgment. For the reasons discussed herein, we affirm as to the former and reverse as to the latter.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Wendy Thibodeaux (hereinafter "Ms. Thibodeaux"), was employed as a deckhand on the W.F. Cooper, a ferry boat (hereinafter "the vessel") owned by Defendant, the State of Louisiana, Department of Transportation and Development (hereinafter "the State"). On August 1, 2007, she slipped and sustained injuries while cleaning the vessel's engine room. She timely filed suit against the State, alleging that she was a seaman under the Jones Act and maritime law and that she sustained personal injuries while in the course and scope of her State employment.

The State filed a motion for summary judgment on the issue of causation, arguing that Ms. Thibodeaux's own negligence was the sole cause of her injury. For the purpose of that motion, the State assumed that the vessel had a leakage resulting in oil on the engine room floor and walls and that Ms. Thibodeaux was instructed to clean up the oil. The State specified that it accepted those facts only for the purpose of its motion, and the facts were "not stipulated for use at trial or any other purpose." The trial court denied the State's motion for summary judgment.

Ms. Thibodeaux then filed a motion for partial summary judgment on the issue of liability, arguing that the vessel was unseaworthy and the State was

negligent in failing to repair it. The trial court granted Ms. Thibodeaux's motion, finding in favor of Ms. Thibodeaux as to the State's Jones Act negligence and as to the issue of unseaworthiness. The trial court stated in its reasons for judgment from the bench that its primary considerations were the deposition of the vessel's captain, Captain Joe Brooks, the fact that the vessel was "an older vessel," and the captain's testimony that it leaked oil and was the only vessel of its kind in the state.

The State appeals as to both motions. For the reasons discussed herein, we affirm the trial court's denial of the State's motion for summary judgment, and we reverse the trial court's grant of partial summary judgment on the issue of liability.

## ASSIGNMENTS OF ERROR

On appeal, the State submits the following issues:

1. Whether the Trial Court was correct in denying the State's Motion for Summary Judgment.

2. Whether any genuine issue of material fact remains as to the negligence of Wendy Thibodeaux.

3. Whether the Trial Court was correct in granting Ms. Thibodeaux's Motion for Partial Summary Judgment.

4. Whether any genuine issue of material fact remains as to the alleged Jones Act negligence of the State.

5. Whether any genuine issue of material fact remains as to the alleged unseaworthiness of the M/V W.F. Cooper.

6. Whether the Trial court applied the correct definition of seaworthiness in making a determination as to the status of the vessel.

7. Whether the Trial Court applied the correct standard of proof.

8. Whether the Trial Court correctly assigned costs to the State in this matter.

## LAW AND ANALYSIS

This court reviews summary judgments *de novo*. *Thibodeaux v. Lafayette Gen. Surgical Hosp., LLC*, 09-1523 (La.App. 3 Cir. 5/5/10), 38 So.3d 544. A

2

motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

The burden of proof for a summary judgment motion lies on the movant. However, where the movant will not bear the burden of proof at trial, the movant's burden on the motion is only to establish an absence of factual support for one or more elements essential to the adverse party's claim. La.Code Civ.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to meet his evidentiary burden of proof at trial, no genuine issue of material fact exists. *Id.*

For purposes of summary judgment, "the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor." *Luther v. IOM Co. LLC*, 13-353, p. 5 (La. 10/15/13), __ So.3d __, __.

In addition, La.Code Civ.P. art. 966(E)(2), in effect at the time of the hearing on these motions, provided that:

> Only evidence admitted for purposes of the motion for summary judgment shall be considered by the court in its ruling on the motion.

*Causation*

The State seeks summary judgment on the grounds that Ms. Thibodeaux would be unable to prove causation because, while cleaning the oil with soap and water, she herself created the condition which caused her injury. Causation is a necessary element of a negligence claim under the Jones Act, in which:

> The seaman bears the evidentiary burden of proving that a breach of
> the duty owed by the employer was a cause of his injuries. However, a

3

seaman need only present "slight evidence" that his employer's negligence caused his injuries in order to reach the jury or to be sustained upon appellate review. The employer can introduce evidence of the seaman's own negligence to reduce damages through application of pure comparative fault principles.

*Foster v. Destin Trading Corp.*, 96-803, pp. 4-5 (La. 5/30/97), 700 So.2d 199, 208 (internal citation omitted).

Using this standard, we find that Ms. Thibodeaux has presented sufficient evidence to preclude summary judgment as to the causation element of her claim. In a transcript attached to her opposition to the State's summary judgment motion, Ms. Thibodeaux testified that she had not yet mopped the portion of the floor on which she slipped. She further testified that she was cleaning according to operational instructions. In contrast, the State alleges she created the condition of soapy water mixed with oil through her own act of mopping. Therefore, there exists a genuine issue of material fact as to causation. Accordingly, we affirm the trial court's denial of the State's motion for summary judgment.

*Liability*

Ms. Thibodeaux argues that she is entitled to partial summary judgment on the issue of liability based on the State's Jones Act negligence and the vessel's unseaworthiness. As factual support, she submits that the vessel had an engine oil leakage, a water leakage from the propeller shaft, and poor flooring conditions. She asserts that the State's acceptance in its own summary judgment motion that there was a leakage, constitutes an agreement on the facts that demonstrate Jones Act negligence and unseaworthiness – specifically that a leakage existed on the vessel.

Negligence under the Jones Act may include "the failure to use reasonable care to provide a seaman with a safe place to work, the existence of a dangerous condition on or about the vessel, or any other breach of the duty of care." *Id*. at

4

Unseaworthiness is a distinct concept from negligence. *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 91 S. Ct. 514 (1971). The State's duty regarding seaworthiness is "only to furnish a vessel and appurtenances reasonably fit for their intended use. The standard is not perfection, but reasonable fitness[.]" *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550, 80 S.Ct. 926, 933 (1960).

In its own motion for summary judgment, as discussed above, the State argued a lack of causation. The State assumed there was a leakage for the purposes of that argument. The State specified that that factual assumption was "not stipulated for use at trial or any other purpose," but solely for the purpose of the State's own motion. In its memorandum in support of its motion for summary judgment, the State submitted:

> Defendant, *for purposes of this summary judgment only*, has accepted the plaintiff's claims that the F.W. Cooper had experienced leakage around the packing in the engine room on the 31st of July, 2007; that this leakage caused water in the engine room to not rise up carrying oil with it which coated the surfaces that the oil touched including the walls and the floors of the engine room. Defendant also accepts *for purposes of this motion only* that on the 1st of August, 2007, the plaintiff's supervisor Joe Brooks instructed her to clean the oil from the walls and floors of the engine room of the F.W. Cooper and that around 10:30 p.m., the plaintiff began to wash down the walls and floors of the engine room with soap and that around 11:00 p.m. she slipped in the engine room and injured her back.

(Emphasis added.)

Ms. Thibodeaux argues that the State has failed to contest the existence of the leakage after admitting it to be true in the State's motion. While the State acknowledged in its opposition to summary judgment that there was oil on the engine floor, the State disputed that it was negligent and that the vessel was in an unseaworthy condition. In support of its opposition, the State attached an affidavit and report from Captain Tim Anselmi finding that the vessel was in serviceable condition and "in good order and clean without any slip/fall risks." This evidence

5

is sufficient to create a dispute as to a genuine issue of material fact and, therefore, precludes summary judgment.

Whether the State is liable for Ms. Thibodeaux's injury must depend on the factfinder's conclusions regarding the existence of a leakage and whether the vessel was seaworthy. Taken together, Ms. Thibodeaux's motion and the State's opposition clearly show that the parties dispute material facts tending to prove or disprove liability. Ms. Thibodeaux supports her motion and the State supports its opposition with permissible evidence under La.Code Civ.P. arts. 966 and 967.

It is clear that in granting partial summary judgment on the issue of liability in favor of Ms. Thibodeaux, the trial court either impermissibly weighed disputed factual evidence or considered the existence of the leakage to be an undisputed fact for the purposes of Ms. Thibodeaux's motion. As noted above, La.Code Civ.P. art. 966(E)(2) provides that "[o]nly evidence admitted for purposes of the motion for summary judgment shall be considered by the court in its ruling on the motion." Because the State accepted the fact that there was a leakage only for the purposes of its own separate motion for summary judgment, the trial court was permitted to consider this an undisputed fact solely in considering the State's motion. The existence of a leakage does not qualify as an undisputed fact for the purposes of Ms. Thibodeaux's motion. Accordingly, we find that the trial court erred in granting summary judgment in favor of Ms. Thibodeaux on the issue of liability.

Ms. Thibodeaux argues in brief that "[t]he State acknowledged there was oil on the floor and even agreed to that position after Joe Brooks' testimony was revisited. Captain Joe Brooks' testimony of oil on the floor and the engine condition is enough for Liability alone on unseaworthiness." We disagree. The presence of oil does not satisfy the legal standard for demonstrating Jones Act negligence as set forth above. The possibility that Ms. Thibodeaux caused the

6

dangerous condition, as argued by the State, presents the issue of whether Ms. Thibodeaux was responsible, in whole or in part, for her injuries. Therefore, summary judgment is inappropriate.

## CONCLUSION

Because the State assumed there was a leakage only for the purposes of their own motion for summary judgment, not for that of the Plaintiff, we reverse the trial court's grant of partial summary judgment on the issue of liability. The costs of this appeal are assessed equally between Plaintiff/Appellee, Wendy Thibodeaux, and Defendant/Appellant, State of Louisiana, through the Department of Transportation and Development.

**AFFIRMED IN PART AND REVERSED IN PART.**