STEPHEN J. WINDHORST, Judge.
|2The plaintiff, Jeffrey L. Soudelier, Jr., filed this maritime action after he was injured in a work-related accident aboard defendants’ vessel. Defendants, PBC Management, Inc., Florida Marine Transporters, Inc. and Florida Marine, LLC, filed a motion for partial summary judgment, contending that Mr. Soudelier failed to produce any evidence to support a finding of liability under either general maritime law or Jones Act. After the trial court granted defendants’ motion, it certified the judgment as final for purposes of immediate appeal. For the reasons that follow, we reverse the decision of the trial court and remand the matter for further proceedings.
On November 11, 2011, defendants owned and operated a fleet of vessels, including. the towboat MTV Steven M. Bryan. Mr. Soudelier was its captain. He was instructed to move a large, steel-reinforced, cross-over hose from Barge 3180 to the towboat, so that it could be transported to shore. According to Mr. Soudelier, there was material, remaining in the hose that should not have been there, adding extra weight to the already heavy hose. While he and four other ^persons were moving the hose, he felt a pop in his hip arid experienced pain immediately. He instructed the crew to wait, and rested for a few moments. Although the pain did not subside, he and the men moved the hose. After the task was completed, he realized that he was injured.
Mr. Soudelier filed his petition on May 9, 2012, seeking recovery under the “Savings to Suitors” clause, 28 U.S.C. § 1333, the Jones Act, 46 U.S.G. § 688, and unsea *1181 worthiness pursuant to the general maritime law, as well as a claim for maintenance and cure. Mr. Soudelier alleged that the accident of November 11, 2011 caused injury necessitating multiple surgeries, and causing severe and disabling injuries which could be permanent. Mr. Soudelier also contended that he was obligated to perform heavy physical work resulting in cumulative trauma. Mr. Soude-lier contended that defendants’ boat was unseaworthy and defendants were negligent in failing to provide alternative methods to move the hose, and in failing to train employees on safety issues.
Defendants filed a motion for partial summary judgment contending 'that there were no genuine issues of material fact and that plaintiff could not bear his burden of proving either negligence' under the Jones Act or unseaworthiness. Defendants argue that Mr. Soudelier’s deposition shows that he was in charge of the method of moving the hose, and as captain, he was responsible for all the safety procedures aboard the ship.
The trial court found in favor of defendants, stating that:
This Court has reviewed the documentation submitted in support of and in opposition to defendants’ motion. The Accident and Injury Report fails to mention any condition that was out of the ordinary that may have 'contributed to the incident and provides no evidence of any condition of negligence. In addition, plaintiff’s deposition testimony confirms that there was nothing that anyone'did which was wrong, there was no missing equipment, and there were no unsafe conditions surrounding the movement of the cross-over hose. Plaintiff seeks additional time for discovery; however, the nature of the evidence in |4support for. defendants’ motion is clear and convincing and needs no further explanation. (The Court notes that the alleged incident occurred in 2011 and that this matter has been pending for quite some 'time.) • ■ '
In this appeal, Mr. Soudelier contends that the trial court erred “in finding'no genuine issue of material fact in the face of direct evidence showing that Soudelier was injured' becaüse (1) he was asked to lift a hose that had not been properly ‘blown out’ and was therefore significantly heavier than he could reasonably have expected, and (2) Florida Marine did not provide proper instruction regarding a safe method for. lifting and carrying heavy objects.”

DISCUSSION

A motion' for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together- with the affidavits, show that .there is no genúine issue as to: material fact and that the mover is entitled to judgment as a matter of law.' LSA-C.C.P. art. 966. In ruling on a motion for: summary; judgment, the judge’s role is- to determine whether there is a genuine issue of triable fact with all doubts being resolved in the 'hon-moving party’s favor. Hines v. Garrett, 04-0806 (La.6/25/04), 876 So.2d 764, 765; Blanda v. Kathryn Rae Towing, Inc., 10-96 (La.App. 5 Cir. 07/27/10), 43 So.3d 355, 357. A material fact is. one that potentially insures or prevents, recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751.
Appellate courts reView a district court’s grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most- favorable to the non-mov-ant. Hines, 876 So.2d at 765; Blanda, 43 So.3d at 357. The Jones Act provides a *1182 cause of action in negligence for “any seaman” injured “in the course of his employment.” Chandris, Inc. v. Latsis, 515 U.S. 347, 354, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995) (citing 46 U.S.C. app. § 688(a)). Seamen are allowed' to bring their Jones Act claims in state court pursuant to the “Saving to Suitor” clause of the Judiciary Act of 1789, which permits state courts to have concurrent jurisdiction with the federal district courts. Foster v. Destin Trading Corp., 96-0803 (La.5/30/97), 700 So.2d 199, 209.
Pursuant to the Jones Act, an employer has a continuing duty to provide a reasonably safe place to work and to use ordinary care to maintain the vessel in a reasonably safe condition. Ordoyne v. Octopus Towing, L.L.C., No. 15-3052, 2016 WL 1437773, *2, 2016 U.S. Dist. LEXIS 48960, *5-6 (E.D.La. Apr. 12, 2016), footnote 15, citing Lett v. Omega Protein, Inc., 487 Fed.Appx. 839, 843 (5th Cir.2012). This duty can implicate “negligence questions related to maintaining reasonably safe equipment and appliances [and] requiring unreasonably dangerous work or unsafe work methods.” Ordoyne, at page 5-6, footnote 15, 2016 WL 1437773, citing Thomas J. Schoenbaum, Admiralty & Mar. Law § 6-22 (5th ed. 2015).
Under the Jones Act, 46 U.S.C. § 688, a seaman’s employer is liable for damages if the employer’s negligence caused the seaman’s injury, in whole or in part. Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, 335 (5th Cir.1997) (en banc). In Clay v. ENSCO Offshore Co., No. 14-2508, 146 F.Supp.3d 808, 2015 WL 7306436, *, 2015 U.S. Dist. LEXIS 156568, *19, 2016 AMC 130 (E.D.La.2015), the court said:
Once the seaman had demonstrated the duty of care, under the normal rules of statutory construction, and retaining the usual and familiar definition of ordinary prudence, the seaman must prove that a breach of that duty caused his injuries, in whole or in part. An employer is liable under the Jones Act if the negligence of its employees played “any part, even the slightest” in causing the injury or death for which damages are sought. [Gautreaux, 107 at 335] (citing Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 506, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957)). Even so, the Fifth Circuit clarified that the employer’s ^standard of care is not greater than that of ordinary negligence under the circumstances. Id. at 339. “[A] Jones Act employer is not an insurer of a seaman’s safety; the mere occurrence of an injury does not establish liability.” Marvin v. Central Gulf Lines, Inc., 554 F.2d 1295, 1299 (5th Cir.), cert. denied, 434 U.S. 1035, 98 S.Ct. 769, 54 L.Ed.2d 782 (1978). To recover damages for his employer’s negligence, a seaman must prove that the employer breached its duty of care; ordinary prudence under the circumstances is the standard for the duty of care owed by an employer to a seaman. Gautreaux, 107 F.3d at 335-36.
As with the employer, the seaman is held to a reasonably prudent standard:
The Jones Act simultaneously obligates the seaman to act with ordinary care under the circumstances. [Gautreaux], at 339. The seaman must act with the care, skill, and ability expected of a reasonable seaman in like circumstances. Id. Thus, comparative negligence applies under the Jones Act, “barring an injured party from recovering for the damages sustained as a result of his own fault.” Miles v. Melrose, 882 F.2d 976, 984 (5th Cir.1989) aff'd sub nom. Miles v. Apex Marine Corp., 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). “[T]he defendant has the burden of proving that the plaintiff was contributorily negligent *1183 and that such negligence was the proximate cause in producing his injury.” Id. If an accident is caused solely by the plaintiffs own fault, there can be no recovery. Miles, 882 F.2d at 984.
Gaylor v. Canal Barge Co., No. 14-2398, 2015 WL 5321756, at *2-3, 2015 U.S. Dist. LEXIS 121322, at *5, (E.D.La.2015)
Unseaworthiness is a distinct concept from negligence. Usner v. Luckenbach Overseas Corp., 400 U.S. 494, 91 S.Ct. 514, 27 L.Ed.2d 562 (1971). The State’s duty regarding seaworthiness is “only to furnish a vessel and. appurte nances reasonably fit''for their intended use. The standard is not perfection, .but reasonable fitnessf.]” Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 550, 80 S.Ct. 926, 933, 4 L.Ed.2d 941 (1960). Thibodeaux v. State, 13-893 (La.App. 3 Cir. 03/12/14), 142 So.3d 1011, 1014-1015. A vessel is unsea-worthy if the owner has failed to provide a vessel, including her equipment and crew, which is reasonably ñt and safe for the purposes for which it is to be used. Unseaworthiness may arise from a variety of conditions — the vessel’s gear might be defective, her appurtenances in disrepair, [7her crew unfit. An inadequate, understaffed, or ill-trained crew may also beget liability. An unsafe work method can render a vessel unseaworthy. Glaze v. Higman Barge Lines, Inc., 611 Fed.Appx. 227, 228, 229 (5th Cir.2015). However, “An isolated personal negligent act occurring on the vessel [does] not render the vessel unseaworthy ... to hold otherwise would eliminate the distinction between seaworthiness and negligence.” Rogers v. Eagle Offshore Drilling Services, Inc., 764 F.2d 300, 303 (5th Cir.1985), citing Usner v. Luckenbach. supra.
A plaintiff raising a claim of unseaworthiness must establish a causal connection' between his injury and the breach of duty that rendered the vessel unseaworthy. Jackson v. OMI Corp., 245 F.3d 525, 527 (5th Cir.2001). There is a more demanding standard of causation in an.unseaworthiness claim than in a Jones Act negligence claim. The plaintiff must prove that the unseaworthy condition played a substantial part in bringing about or actually causing the injury and that the injury was either, a direct result or a reasonably, probable consequence of the unseaworthiness. Johnson v. Offshore Express, Inc., 845 F.2d 1347, 1354-55 (5th Cir.1988).
In this case, Mr. Soudelier alleges negligence on the part of the defendants in several respects, including employee failure to empty the cross-over-hose and to provide proper equipment to move the hose. He alleges unseaworthiness in the defendants’ failure to provide instruction to crew members, including himself, in safe methods to perform the assigned tasks. •
In the motion for partial summary judgment, both Mr. Soudelier and defendants relied on Mr, Soudelier’s deposition, in part, in support of their contentions. Defendants argue that, according to his deposition, as captain of the M/V Steven M. Bryan, Mr. Soudelier was responsible for the safe operation of the vessel and the safety of its crew, and that he was responsible for planning and ^supervising tasks assigned, including making sure that there was appropriate equipment and manpower to perform a task. Defendants further argue that Mr. Soudelier stated in his deposition that none of the other men involved in lifting the hose caused his injury and that none of them sustained any injury. Further, Mr. Soudelier stated that there was nothing unsafe about the barge on which the cross-over hose was located or on the tow boat. .Defendants contend that Mr, Soudelier stated that he did not *1184 think there wás anything wrong in the manner in which he planned to move the hose and that he did not believe that there were any unsafe conditions. Finally, defendants argue that if there was any unsafe condition, it was due to the negligence of Mr. Soudelier himself for failure to discharge his responsibilities as captain and master, known as the Primary Duty Rule.[1]
In addition; defendants contend that Mr. Soudeliér points to no unreasonably dangerous condition, missing equipment or unfit crew to support his claim of unseaworthiness.
In opposition to the motion for- partial summary judgment, Mr. Soudelier argued that moving the cross-over hose was not a routine task, but in actuality was one that he had never performed before. The hose was 25 to 30 feet in length with a 6-inch diameter and weighed between 300 and 400 pounds without product inside. Mr. Soudelier contends that he was improperly trained by defendants, and that this led him form the erroneous belief that it was safe to move the hose. Mr. Soudelier stated that he did not learn that the hose had product in it until after he began-to lift the hose; The action of leaving material in the hose is contrary to defendants’ policy, because the last tankerman to use the hose is charged with the ^“responsibility to ‘blow out’ ” the hose when finished. Finally, Mr. Soudelier contends that defendants did not have any policy, practice or procedure for lifting and carrying objects over forty-five pounds, and this failure contributed to his accident.
Consideriiig the factual issues presented arid the burdens of proof assigned to the parties in this case, we find that the trial court erred in granting summary judgment. The evidence does not establish that there were absolutely no genuine issues regarding negligence and/or unseaworthiness. The evidence does not establish that moving the cross-over hose was a routine task, that Mr. Soudelier was properly instructed and was able to properly instruct his crew on the methods of lifting the hose, and that defendants should , not have provided some mechanical means to move the hose.
For the above discussed reasons, the judgment of the trial court granting partial summary judgment in favor of defendants is reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.

. The Primary Duty Rule provides that "a ship’s officer may not recover against his employer for negligence or unseaworthiness when there is no other cause of the officer’s injuries other than the officer'á breach of his consciously assumed duty to maintain safe conditions aboard the vessel,” Wilson v. Maritime Overseas Corp., 150 F.3d 1, 11 (1st Cir.1998). However, this rule yields an absolute bar to recovery only if there is "a finding of no negligence [on the part] of the employer,” Id.